UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

JOHN A. BELLANTONI and MARIA T.
BELLANTONI, His Wife

**ECF CASE**

RE BRIEANT

                          Plaintiffs,

                                                **SUMMONS**

    -against-

GENERAL MOTORS CORPORATION and    **08 CV — 2407** (CLB)
CHAMPION CARRIER CORP.,

                          Defendants.
--------------------------------------------------------X

TO:    *(Names and Addresses of Defendants)*

         **GENERAL MOTORS CORPORATION:** The Detroit Renaissance Center
                                            Detroit, MI 48243

         **CHAMPION CARRIER CORP.:** 2755 Kirila Blvd., Hermitage, PA 16148-9019

         YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve
upon:

              **JONATHAN RICE, ESQ. (4149)**
              **Attorney for Plaintiffs**
              **JOHN A. BELLANTONI and**
              **MARIA T. BELLANTONI, His Wife**
              **247 West 35th Street, 12th Floor**
              **New York, New York 10001**

an answer to the complaint which is herewith served upon you, within twenty days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be
taken against you for the relief demanded in the complaint.

**J. MICHAEL McMAHON**
                                                MAR 1 0 2008
_____    _____
CLERK                                           DATE

*Marcos Quintero*
_____
BY DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
JOHN A. BELLANTONI and MARIA T.
BELLANTONI, His Wife

RECEIVED
MAR 1 6 2008
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiffs,

ECF  CASE

**VERIFIED
COMPLAINT**

-against-

GENERAL MOTORS CORPORATION and
CHAMPION CARRIER CORP.,

08 CV 2407
Case No: _____
JUDGE BRIEANT

Defendants.
--------------------------------------------------------X

Plaintiffs, by their attorney, JONATHAN RICE, complaining of the

defendants above-named, respectfully show to the Court and allege the following,

upon information and belief:

## PARTIES, JURISDICTION AND VENUE

1.     At all times hereinafter mentioned, plaintiffs are citizens of

the United States and are residents of the Village of Tarrytown, State of New

York, County of Westchester located within this district.

2.     That at all times hereinafter mentioned, and upon information

and belief, the defendant, GENERAL MOTORS CORPORATION, was and still

is a corporation duly organized and existing under and by virtue of the laws of the

State of Michigan.

3.     That at all times hereinafter mentioned, and upon information

and belief, the defendant, GENERAL MOTORS CORPORATION, was and still

is a foreign corporation duly licensed and existing under and by virtue of the laws of the State of New York.

4.    That at all times hereinafter mentioned, and upon information and belief, the defendant, GENERAL MOTORS CORPORATION, conducted business throughout the United States by sales of products in interstate commerce and specifically through a dealer franchise and distribution system.

5.    That at all times hereinafter mentioned, and upon information and belief, the defendant, GENERAL MOTORS CORPORATION, conducted business in the State of New York and introduced products into commerce and sold the same in the State of New York.

6.    That at all times hereinafter mentioned, and upon information and belief, the defendant, CHAMPION CARRIER CORP., was and still is a corporation duly organized and existing under and by virtue of the laws of the State of Pennsylvania.

7.    That at all times hereinafter mentioned, and upon information and belief, the defendant, CHAMPION CARRIER CORP., was and still is a foreign corporation duly licensed and existing under and by virtue of the laws of the State of New York.

8.    That at all times hereinafter mentioned, and upon information and belief, the defendant, CHAMPION CARRIER CORP., was and still is a domestic or foreign corporation, partnership, limited partnership, limited liability

company or proprietorship duly organized and existing and licensed under and by virtue of the laws of the State of Pennsylvania.

9. That at all times hereinafter mentioned, and upon information and belief, the defendant, CHAMPION CARRIER CORP., conducted business throughout the United States by sales of products in interstate commerce.

10. That at all times hereinafter mentioned, and upon information and belief, the defendant, CHAMPION CARRIER CORP., conducted business in the State of New York and introduced products into commerce and sold the same in the State of New York.

## JURISDICTION AND VENUE

11. Original jurisdiction is pursuant to 28 U.S.C. § 1332.

12. Venue properly lies in this District pursuant to 28 U.S.C. Sections 1391(a) and 1391(c).

13. The amount in controversy herein exceeds the sum of Seventy Five Thousand ($75,000.00) Dollars.

## THE PRODUCT

14. At all times hereinafter mentioned, the defendant, GENERAL MOTORS CORPORATION, manufactured, designed, distributed and sold a certain motor vehicle, and its component parts or appurtenances, specifically including the side view mirrors and the various assemblies and components making up said side view mirror system of a motor vehicle known and identified

3

as a 2005 Zodiak C5500 Duramax Diesel with VIN 1GBE5C1285F512364 and various replacement parts for said mirror assembly system  (Hereinafter referred to as the "**Product**") for sale, service, lease and/or rental to their customers in the State of New York.

15.    At all times hereinafter mentioned, the defendant, GENERAL MOTORS CORPORATION, introduced into commerce a certain motor vehicle, and its component parts or appurtenances, specifically including the side view mirrors contained in the product identified as a 2005 Zodiak C5500 Duramax Diesel with VIN 1GBE5C1285F512364.

16.    At all times hereinafter mentioned, the defendant, GENERAL MOTORS CORPORATION, sold and distributed a certain motor vehicle, and its component parts or appurtenances, specifically including the side view mirrors contained in the product identified as a 2005 Zodiak C5500 Duramax Diesel with VIN 1GBE5C1285F512364 to the defendant, CHAMPION CARRIER CORP

17.    At all times hereinafter mentioned, the defendant, CHAMPION CARRIER CORP., modified and further introduced into commerce the product identified as a 2005 Zodiak C5500 Duramax Diesel with VIN 1GBE5C1285F512364 and its component parts or appurtenances, specifically including the side view mirrors thereof.

18    At all times hereinafter mentioned, the defendant, CHAMPION CARRIER CORP., installed or completed various modifications to the aforementioned vehicle identified as a 2005 Zodiak C5500 Duramax Diesel

with VIN 1GBE5C1285F512364, including its side view mirrors so that it was functional as a tow truck.

19.    At all times hereinafter mentioned, the defendant, CHAMPION CARRIER CORP., manufactured, designed, built, distributed and sold the product identified as a 2005 Zodiak C5500 Duramax Diesel with VIN 1GBE5C1285F512364 in the State of New York.

20.    At all times hereinafter mentioned, the defendant, GENERAL MOTORS CORPORATION, manufactured, designed, distributed and sold various vehicle parts and accessories, including the original and replacement side view mirrors for the product and these side view mirrors were then presented for sale to the public by defendant GENERAL MOTORS CORPORATIONS' agent and franchisee, Frank Chevrolet Corp., located at 90-96 Valley Street, Sleepy Hollow, New York for distribution and ultimate sale in the State of New York.

21.    At all times hereinafter mentioned, Alex & Son Auto Body was a retail purchaser of the aforementioned side view mirrors for vehicle chassis identified as a 2005 Zodiak C5500 Duramax Diesel with VIN 1GBE5C1285F512364.

22.    At all times relevant herein, the plaintiff, JOHN A. BELLANTONI, was employed by Alex & Son Auto Body when he was injured by the product introduced into commerce by the defendants through no fault of his own on or about January 12, 2006 in the Village of Tarrytown, County of Westchester and State of New York while he was replacing the side view mirrors

5

that were sold with the product with a smaller version mirror manufactured by defendant GENERAL MOTORS CORPORATION and distributed through and purchased from the Frank Chevrolet Corp. Plaintiff purchased the replacement mirrors at Frank Chevrolet Corp. to install on the product to replace larger mirrors that were unsuitable. In the process of changing the mirror assembly, plaintiff was injured when a spring loaded in the mirror assembly shot out without warning and hit plaintiff in the face and head causing him serious personal injuries.

23.    At all times relevant herein the plaintiff, JOHN A. BELLANTONI, suffered and sustained great and severe emotional and personal injuries by reason of the aforementioned improper, tortious and illegal conduct of the defendants.

24.    That this action falls within one or more of the exceptions set forth in CPLR 1602.

## FIRST CAUSE OF ACTION
## FOR NEGLIGENCE

25.    Plaintiffs herein repeat, reiterate and reallege paragraphs 1 through 24 with the same force and effect as if more fully set forth at length herein.

26.    That on the 12th day of January, 2006 at approximately 11:00 a.m., the plaintiff, JOHN A. BELLANTONI, while changing the side view mirrors on the product in a prudent and careful manner and installing the side view mirror purchased from the defendant GENERAL MOTORS CORPORATION through its

agent and franchisee Frank Chevrolet Corp., plaintiff was caused to be severely injured due to the defective, dangerous and hazardous condition of the said products when a spring loaded device associated with the product shot out from the assembly system originally installed on said truck and violently struck plaintiff in the face causing plaintiff to sustain severe and serious injuries.

27.    That as a result of the negligence of the defendants, their agents, servants, employees and/or independent contractors, the plaintiff, JOHN A. BELLANTONI, sustained severe permanent personal injuries, became sick, sore, lame and disabled and so remains and will continue to remain for some time to come; that the plaintiff has been caused to expend large sums of money for medical and surgical attendance and as a result of the permanent nature of said injuries will be caused to expend further sums for similar services in an effort to alleviate his severe pain and suffering; that the plaintiff has been unable to attend to his usual duties and vocation and will, in the future, be unable to attend his duties and vocation, all to his loss and damage.

28.    That the aforesaid occurrence was caused solely and wholly, through and by reason of the negligence of the defendants, and each of them, with no negligence on the part of the plaintiff contributing thereto.

29.    By reason of the foregoing, defendants' actions have caused and resulted in the personal injuries suffered by the plaintiff.

30.    The conduct, acts and omissions of the defendants are intentional, reckless and contrary to public policy of the State of New York and create a grave risk to public health and welfare.

31.    By reason of the foregoing, the plaintiff demands punitive damages against the defendants, jointly and severally, in such amount as the trier of fact may deem just, proper and equitable.

32.    That by reason of the foregoing, the plaintiff has been damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS and such punitive damages in such amount as the trier of fact may deem just, proper and equitable.

## SECOND CAUSE OF ACTION FOR PRODUCTS LIABILITY (NEGLIGENCE AND STRICT LIABILITY)

33.    Plaintiffs herein repeat, reiterate and reallege paragraphs 1 through 32 with the same force and effect as if more fully set forth at length herein.

34.    At all times relevant herein, the defendants knew or should have known of the hazards, dangers and risk of harm associated with the side view mirrors the product and the likelihood of injury specifically from the spring loaded device associated with the said product; defendants collectively, individually and jointly and severally knew that in replacing the mirror assembly the spring loaded in the product would should out if disengaged but provided no warning or instruction to alert the plaintiff or the public at large of this hazard.

8

35.    At all times relevant herein, the defendants, both jointly and separately, hired, trained, retained, instructed, supervised, monitored and regulated its various agents, servants, employees and independent contractors responsible for design, manufacture, product safety, marketing, distribution, sale and use and operation of the Product and its component parts including the side view mirrors for vehicle identified as a 2005 Zodiak C5500 Duramax Diesel with VIN 1GBE5C1285F512364.

36.    At all times relevant herein, the defendants, either collectively or individually, knew of the hazards, dangers and risks of harm associated with the product but failed to warn the consuming public of the risk of harm to them.

37.    At all times relevant herein, the defendants, jointly and separately, negligently hired, trained, retained, instructed, supervised, monitored and regulated its various agents, servants, employees and independent contractors responsible for design, manufacture, product safety, marketing, distribution, sale and use and operation of the side view mirrors and various component parts for vehicle chassis identified as a 2005 Zodiak C5500 Duramax Diesel with VIN 1GBE5C1285F512364.

38.    At all times relevant herein, the defendants, jointly and separately, negligently designed and manufactured the product and its component and replacement parts as concerns the mirror assembly systems and replacement mirrors.

9

39.    By reason of the foregoing, defendants' actions have caused and resulted in the personal injuries suffered by the plaintiff.

40.    The conduct, acts and omissions of the defendants are intentional, reckless and contrary to public policy of the State of New York and create a grave risk to public health and welfare.

41.    By reason of the foregoing, the plaintiff demands punitive damages against the defendants, jointly and severally, in a sum of money exceeding the monetary jurisdiction of all lower courts in which this action could be brought and in such amount as the trier of fact may deem just, proper and equitable.

42.    That by reason of the foregoing, the plaintiff has been damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS and such punitive damages in such amount as the trier of fact may deem just, proper and equitable.

## THIRD CAUSE OF ACTION

43.    Plaintiffs herein repeat, reiterate and reallege paragraphs 1 through 42 with the same force and effect as if more fully set forth at length herein.

44.    At all times relevant herein, the personal injuries sustained by the plaintiff were caused by the carelessness, recklessness and negligence of the defendants, their agents, servants and/or employees with respect to the product.

45.    That as a result of the negligence of the defendants, their agents, servants and/or employees, the plaintiff sustained grievous personal injuries all to his damage.

46.    By reason of the foregoing, defendants' actions have caused and resulted in the personal injuries suffered by the plaintiff.

47.    The conduct, acts and omissions of the defendants are intentional, reckless and contrary to public policy of the State of New York and create a grave risk to public health and welfare.

48.    By reason of the foregoing, the plaintiff demands punitive damages against the defendants, jointly and severally, in a sum of money exceeding the monetary jurisdiction of all lower courts in which this action could be brought and in such amount as the trier of fact may deem just, proper and equitable.

49.    That by reason of the foregoing, the plaintiff has been damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS and such punitive damages in such amount as the trier of fact may deem just, proper and equitable.

## FOURTH CAUSE OF ACTION

50    Plaintiffs herein repeat, reiterate and reallege paragraphs 1 through 49 with the same force and effect as if more fully set forth at length herein.

11

51. At all times relevant herein, upon information and belief, the personal injuries sustained by the plaintiff were caused by the carelessness, recklessness and negligence of the defendants, their agents, servants and/or employees by reason of their failure to warn or instruct their distributors, retail purchasers, the public and the plaintiff of the dangers and hazards associated with this product.

52. That at all times hereinafter mentioned, the defendants, their agents, servants and/or employees failed to warn plaintiff of the hazards and dangers associated with the operation and use of the particular product and its component and replacement parts.

53. By reason of the foregoing, defendants' actions have caused and resulted in the personal injuries suffered by the plaintiff.

54. The conduct, acts and omissions of the defendants are intentional, reckless and contrary to public policy of the State of New York and create a grave risk to public health and welfare.

55. By reason of the foregoing, the plaintiff demands punitive damages against the defendants, jointly and severally, in a sum of money exceeding the monetary jurisdiction of all lower courts in which this action could be brought and in such amount as the trier of fact may deem just, proper and equitable.

56. That by reason of the foregoing, the plaintiff has been damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS and such

punitive damages in such amount as the trier of fact may deem just, proper and equitable.

## FIFTH CAUSE OF ACTION

57.     Plaintiffs herein repeat, reiterate and reallege paragraphs 1 through 56 with the same force and effect as if more fully set forth at length herein.

58.     That the foregoing occurrence was due solely to the negligence of the defendants, their agents, servants and/or employees, who owned designed, introduced into commerce, manufactured, modified and introduced into commerce the aforementioned product(s) in a manner in violation of applicable federal, state and local statutes, rules, regulations, as well as defendants' own design and manufacturing standards and customs and practices.

59.     That by reason of the foregoing, the plaintiff has been damaged in a sum of money exceeding the monetary jurisdiction of all lower courts in which this action could be brought and such reasonable and appropriate punitive damages as the trier of fact shall deem just, proper and equitable.

## SIXTH CAUSE OF ACTION

60.     Plaintiffs herein repeat, reiterate and reallege paragraphs 1 through 59 with the same force and effect as if more fully set forth at length herein.

13

61.    At all times relevant herein, the defendants represented and warranted that the product was fit for the ordinary purpose for which such a product was intended to be used.

62.    At all times relevant herein, the product was not fit for the ordinary purpose for which it was intended to be used and was unreasonably dangerous thereby.

63.    By reason of the failure of the product to be fit for the ordinary purpose for which it was intended, plaintiff has been injured thereby.

64.    By reason of the foregoing, defendants' actions have caused and resulted in the personal injuries suffered by the plaintiff.

65.    The conduct, acts and omissions of the defendants are intentional, reckless and contrary to public policy of the State of New York and create a grave risk to public health and welfare.

66.    By reason of the foregoing, the plaintiff demands punitive damages against the defendants, jointly and severally, in a sum of money exceeding the monetary jurisdiction of all lower courts in which this action could be brought and in such amount as the trier of fact may deem just, proper and equitable.

67.    That by reason of the foregoing, the plaintiff has been damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS and such punitive damages in such amount as the trier of fact may deem just, proper and equitable.

14

## SEVENTH CAUSE OF ACTION

68.    Plaintiffs herein repeat, reiterate and reallege paragraphs 1 through 69 with the same force and effect as if more fully set forth at length herein.

69.    The defendants represented and warranted that the product provided by the defendants for use by the public was fit for the particular purpose for the product was intended to be used without causing harm to the public.

70.    The public, the plaintiff and others reasonably relied upon the representations of the defendants that the aforementioned product was fit for the particular purpose and use for which it was intended to be used.

71.    At all times relevant herein, the product introduced into commerce designed, manufactured, sold or provided by the defendants for use by the public was not fit for the particular purpose for which said product was intended to be used.

72.    Plaintiff was injured by the product by reason of it not being fit for the particular purpose for which it was intended to be used in that the mirrors could not be changed and/or installed without significant risk of harm to the plaintiff and other members of the public at large.

73.    By reason of the foregoing, defendants' actions have caused and resulted in the personal injuries suffered by the plaintiff.

74.     The conduct, acts and omissions of the defendants are intentional, reckless and contrary to public policy of the State of New York and create a grave risk to public health and welfare.

75.     By reason of the foregoing, the plaintiff demands punitive damages against the defendants, jointly and severally, in a sum of money exceeding the monetary jurisdiction of all lower courts in which this action could be brought and in such amount as the trier of fact may deem just, proper and equitable.

76.     That by reason of the foregoing, the plaintiff has been damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS and such punitive damages in such amount as the trier of fact may deem just, proper and equitable.

## EIGHTH CAUSE OF ACTION

77.     Plaintiffs herein repeat, reallege and reiterate paragraphs 1 through 76 with the same force and effect as if more fully set forth at length herein.

78.     The defendants are strictly liable in tort to the plaintiff by reason of the fact that the product is unreasonably hazardous, dangerous and otherwise presents a significant risk of harm to the public due to the failure of the defendants to properly design said products (i.e. the original mirror assembly and the replacement mirrors) and the failure of the defendants to attach or provide any

16

warnings or other instructions related to the handling, use and installation of the products and the danger and risk of harm to the public and the defendants should bear the cost of compensating those persons who are injured from contact with the products.

79.    By reason of the foregoing, defendants' actions have caused and resulted in the personal injuries suffered by the plaintiff.

80.    The conduct, acts and omissions of the defendants are intentional, reckless and contrary to public policy of the State of New York and create a grave risk to public health and welfare.

81.    By reason of the foregoing, the plaintiff demands punitive damages against the defendants, jointly and severally, in a sum of money exceeding the monetary jurisdiction of all lower courts in which this action could be brought and in such amount as the trier of fact may deem just, proper and equitable.

82.    That by reason of the foregoing, the plaintiff has been damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS and such punitive damages in such amount as the trier of fact may deem just, proper and equitable.

## NINTH CAUSE OF ACTION

83.    Plaintiffs herein repeat, reallege and reiterate paragraphs 1 through 82 with the same force and effect as if more fully set forth at length herein.

84.    That the defendants are strictly liable in tort by reason of the fact that they jointly and severally introduced the original product and the replacement mirrors into commerce; the product and in particular its mirror assembly and spring loaded device associated with the mirrors was defective and dangerous and would cause harm to the public at large without proper and warning; and if defendants did properly design the same they sold and introduced the same into commerce defectively manufactured by reason of the omission of a safety device or other modification to the product to prevent the spring from shooting out and injuring persons changing the mirrors and replacing the same; and further that the failure to include any warning in the original product literature and replacement mirror packaging and instructions relating to the hidden spring and dangers associated with said spring constitute a hazard, danger and risk of harm that the defendants knew or should have known about but failed to remedy and to correct.

85.    That at all times hereinafter mentioned, the defendants, their agents, servants and/or employees have acted in bad faith and a reckless manner and in violation of state law, common law and the public policy of the State of New York as aforesaid by failing to properly manufacture, distribute, design and

introduce into commerce the product and its replacement mirrors and mirror assembly and that the spring device in the mirror assembly/housing/connection constituted a trap and snare for the plaintiff of which he had no warning or reason to expect injury.

86.     By reason of the wrongful conduct of the defendants, the defendants are responsible for the harm caused to the plaintiffs.

87.     That by reason of the foregoing, the plaintiff demands punitive damages, costs and reasonable attorneys fees in such amounts as the trier of fact may find just, proper and reasonable.

## TENTH CAUSE OF ACTION

88.     Plaintiffs herein repeat, reallege and reiterate paragraphs 1 through 87 with the same force and effect as if more fully set forth at length herein.

89.     At all times relevant herein, the plaintiff, MARIA T. BELLANTONI, was and still is the wife of the plaintiff, JOHN A. BELLANTONI.

90.     At all times relevant herein, the plaintiff, MARIA T. BELLANTONI, has been deprived of the love, affection, consortium, care, comfort, nurturement, services, guidance and support that her husband would have given her to date and will continue to suffer said loss in the future due to the injuries suffered by the plaintiff, JOHN A. BELLANTONI.

91.     By reason of the foregoing, the plaintiff MARIA T.
BELLANTONI has been required to expend time, money, to be inconvenienced
and to otherwise incur damages by reason of the injuries inflicted upon her
husband, JOHN A. BELLANTONI.

92.     That by reason of the foregoing, the plaintiff has been
damaged in the sum of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS
and such punitive damages in such amount as the trier of fact may deem just,
proper and equitable.

**WHEREFORE**, the plaintiffs demand judgment against the
defendants, jointly and severally, as follows:

1.     On the First Cause of Action in a sum of FIVE MILLION
($5,000,000.00) DOLLARS and such punitive damages in such amount as the trier
of fact may deem just, proper and equitable.

2.     On the Second Cause of Action in a sum FIVE MILLION
($5,000,000.00) DOLLARS and such punitive damages in such amount as the trier
of fact may deem just, proper and equitable.

3.     On the Third Cause of Action in a sum of FIVE MILLION
($5,000,000.00) DOLLARS and such punitive damages in such amount as the trier
of fact may deem just, proper and equitable.

4.     On the Fourth Cause of Action in a sum of FIVE MILLION
($5,000,000.00) DOLLARS and such punitive damages in such amount as the trier
of fact may deem just, proper and equitable.

5.    On the Fifth Cause of Action in a sum of FIVE MILLION ($5,000,000.00) DOLLARS and such punitive damages in such amount as the trier of fact may deem just, proper and equitable.

6.    On the Sixth Cause of Action in a sum of FIVE MILLION ($5,000,000.00) DOLLARS and such punitive damages in such amount as the trier of fact may deem just, proper and equitable.

7.    On the Seventh Cause of Action in a sum of FIVE MILLION ($5,000,000.00) DOLLARS and such punitive damages in such amount as the trier of fact may deem just, proper and equitable.

8.    On the Eighth Cause of Action in a sum of FIVE MILLION ($5,000,000.00) DOLLARS and such punitive damages in such amount as the trier of fact may deem just, proper and equitable.

9.    On the Ninth Cause of Action such punitive damages in such amount as the trier of fact may deem just, proper and equitable.

10.    On the Tenth Cause of Action the plaintiff, MARIA T. BELLANTONI, demands damages in a sum of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS and such punitive damages in such amount as the trier of fact may deem just, proper and equitable.

11.    Together with interest, costs and disbursements of this action.

21

Dated:  New York, New York
        March 6, 2008

                              Yours, etc.,


                              _____
                              JONATHAN RICE, ESQ. (4149)
                              Attorney for Plaintiffs
                              247 West 35th Street, 12th Floor
                              New York, New York  10001
                              (212) 465-1890

22

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK    )
                     )    s.s.:
COUNTY OF NEW YORK)


      JOHN BELLANTONI being duly sworn, deposes and says that:  deponent is the plaintiff in the within action, has read the foregoing
### SUMMONS and VERIFIED COMPLAINT
and knows the contents thereof; that the same is true to deponent's own knowledge, except as to those matters said to be upon information and belief and as to those matters deponent believes it to be true.  The grounds of deponent's belief as to all matters not stated upon deponent's own knowledge are as follows: information and belief based upon personal belief, personal investigations, books, records, reports and other documents contained in my personal file in this matter.


_____
      JOHN BELLANTONI


Sworn to before me

this 6th day of March , 2008


_____
JONATHAN RICE
Notary Public, State of New York
No. 31-4838976
Qualified in New York County
Commission Expires March 20, 100

Case No.: 08 CV 2407 (CLB)          Year 20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN A. BELLANTONI and MARIA T.
BELLANTONI, His Wife

Plaintiffs,

-against-

GENERAL MOTORS CORPORATION and
CHAMPION CARRIER CORP.,

Defendants.

## SUMMONS and VERIFIED COMPLAINT

**JONATHAN RICE, ESQ.**
Attorney for Plaintiffs
247 W. 35th Street, 12th Floor
New York, New York 10001
(212) 465-1890

**To**
**Attorney(s) for**

Service of a copy of the within                              is hereby admitted.
Dated,
              Attorney(s) for _____.

**Sir: Please take notice**
___*NOTICE OF ENTRY*
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on
___*NOTICE OF SETTLEMENT*
that an order _____of which the within is a true copy will be presented
for settlement to the HON._____one of the judges of the within named
Court, at_____
on the _____day of _____19____ at _____ M.

Dated,    New York, New York