UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN A BELLANTONI and MARIA T.
BELLANTONI, His Wife,

                     Plaintiffs,

    -against-

GENERAL MOTORS CORPORATION and
CHAMPTION CARRIER CORP.,

                     Defendants.

08-CV-2407

Honorable C.L. Brieant

## VERIFIED ANSWER

GENERAL MOTORS CORPORATION ("GM") states as follows for its Verified Answer to Plaintiffs' Complaint.

### PARTIES, JURISDICTION AND VENUE

1.    GM lacks information or knowledge sufficient to establish to truth of these allegations. Consequently, GM denies the allegations contained within Paragraph 1 of Plaintiffs' Complaint.

2.    GM denies the allegations contained within Paragraph 2 of Plaintiffs' Complaint.

3.    GM denies the allegations contained within Paragraph 3 of Plaintiffs' Complaint.

4.    GM admits that it manufacturers-in-part distributes-in-part and sells motor vehicles at the wholesale level to independent and authorized dealers in the State of New York. In further answer, GM lacks information or knowledge sufficient to establish the truth of the remaining allegations contained in Paragraph 4 of Plaintiffs' Complaint. Consequently, GM denies remaining allegations.

4211559-1

5. GM admits that it manufacturers-in-part distributes-in-part and sells motor vehicles at the wholesale level to independent and authorized dealers in the State of New York. GM denies the remaining allegations contained within Paragraph 5 of Plaintiffs' Complaint.

6. Paragraph 6 is directed to a different defendant and, as such, requires no response from GM. To the extent a response is deemed required, GM lacks information or knowledge sufficient to establish the truth of these allegations. Consequently, GM denies the allegations contained within Paragraph 6 of Plaintiffs' Complaint

7. Paragraph 7 is directed to a different defendant and, as such, requires no response from GM. To the extent a response is deemed required, GM lacks information or knowledge sufficient to establish the truth of these allegations. Consequently, GM denies the allegations contained within Paragraph 7 of Plaintiffs' Complaint

8. Paragraph 8 is directed to a different defendant and, as such, requires no response from GM. To the extent a response is deemed required, GM lacks information or knowledge sufficient to establish the truth of these allegations. Consequently, GM denies the allegations contained within Paragraph 8 of Plaintiffs' Complaint.

9. Paragraph 9 is directed to a different defendant and, as such, requires no response from GM. To the extent a response is deemed required, GM lacks information or knowledge sufficient to establish the truth of these allegations. Consequently, GM denies the allegations contained within Paragraph 9 of Plaintiffs' Complaint.

10. Paragraph 10 is directed to a different defendant and, as such, requires no response from GM. To the extent a response is deemed required, GM lacks information or knowledge sufficient to establish the truth of these allegations. Consequently, GM denies the allegations contained within Paragraph 10 of Plaintiffs' Complaint.

## JURISDICTION AND VENUE

11. The allegations contained within Paragraph 11 of Plaintiffs' Complaint require a conclusion of law that requires no answer. To the extent an answer is deemed required, GM denies these allegations and calls for strict proof thereof.

12. The allegations contained within Paragraph 12 of Plaintiffs' Complaint require a conclusion of law that requires no answer. To the extent an answer is deemed required, GM denies these allegations and calls for strict proof thereof.

13. The allegations contained within Paragraph 13 of Plaintiffs' Complaint require a conclusion of law that requires no answer. To the extent an answer is deemed required, GM denies these allegations and calls for strict proof thereof.

## THE PRODUCT

14. GM denies any allegation in Paragraph 14 of Plaintiffs' Complaint that seeks to impose liability on GM, including specifically any allegations that the subject 2005 Kodiak C5500 Duramax Diesel with VIN 1GBE5C1285F512364 was defective and/or reasonably dangerous. In further answer, GM admits that it manufactured-in-part, produced-in-part and distributed 2005 Kodiak C5500 motor vehicles. GM lacks information or knowledge sufficient to establish the truth of the remaining allegations contained within Paragraph 14 of Plaintiffs' Complaint. Consequently, GM denies the remaining allegations.

15. GM denies any allegation in Paragraph 15 of Plaintiffs' Complaint that seeks to impose liability on GM, including specifically any allegations that the subject 2005 Kodiak C5500 was defective and/or reasonably dangerous. In further answer, GM admits that it manufactured-in-part, produced-in-part and distributed 2005 Kodiak C5500 motor vehicles. GM lacks information or knowledge sufficient to establish the truth of the remaining allegations

contained within Paragraph 15 of Plaintiff's Complaint. Consequently, GM denies the remaining allegations.

16. GM denies any allegation in Paragraph 16 of Plaintiffs' Complaint that seeks to impose liability on GM, including specifically any allegations that the subject 2005 Kodiak C5500 was defective and/or reasonably dangerous. In further answer, GM admits that it manufactured-in-part, produced-in-part and distributed 2005 Kodiak C5500 motor vehicles. GM lacks information or knowledge sufficient to establish the truth of the remaining allegations contained within Paragraph 16 of Plaintiff's Complaint. Consequently, GM denies the remaining allegations.

17. Paragraph 17 is directed to a different defendant and, as such, requires no response from GM. To the extent a response is deemed required, GM lacks information or knowledge sufficient to establish the truth of these allegations. Consequently, GM denies the allegations contained within Paragraph 17 of Plaintiffs' Complaint.

18. Paragraph 18 is directed to a different defendant and, as such, requires no response from GM. To the extent a response is deemed required, GM lacks information or knowledge sufficient to establish the truth of these allegations. Consequently, GM denies the allegations contained within Paragraph 18 of Plaintiffs' Complaint.

19. Paragraph 19 is directed to a different defendant and, as such, requires no response from GM. To the extent a response is deemed required, GM lacks information or knowledge sufficient to establish the truth of these allegations. Consequently, GM denies the allegations contained within Paragraph 19 of Plaintiffs' Complaint.

20. GM denies any allegation in Paragraph 20 of Plaintiffs' Complaint that seeks to impose liability on GM, including specifically any allegations that the subject 2005 Kodiak

C5500 was defective and/or reasonably dangerous. In further answer, GM admits that it manufactured-in-part, produced-in-part and distributed 2005 Kodiak C5500 motor vehicles. GM lacks information or knowledge sufficient to establish the truth of the remaining allegations contained within Paragraph 20 of Plaintiffs' Complaint. Consequently, GM denies the remaining allegations.

21.     GM lacks information or knowledge sufficient to establish the truth of the these allegations. Consequently, GM denies the allegations contained within Paragraph 21 of Plaintiffs' Complaint.

22.     GM denies any allegation in Paragraph 22 of Plaintiffs' Complaint that seeks to impose liability on GM, including specifically any allegations that the subject 2005 Kodiak C5500 was defective and/or reasonably dangerous. In further answer, GM admits that it manufactured-in-part, produced-in-part and distributed 2005 Kodiak C5500 motor vehicles. GM lacks information or knowledge sufficient to establish the truth of the remaining allegations contained within Paragraph 22 of Plaintiffs' Complaint. Consequently, GM denies the remaining allegations.

23.     GM denies any allegation in Paragraph 23 of Plaintiffs' Complaint that seeks to impose liability on GM, including specifically any allegations that the subject 2005 Kodiak C5500 was defective and/or reasonably dangerous. In further answer, GM denies the allegations contained within Paragraph 23 of Plaintiffs' Complaint.

24.     The allegations contained within Paragraph 24 of Plaintiffs' Complaint require a conclusion of law that requires no answer. To the extent an answer is deemed required, GM denies these allegations and calls for strict proof thereof.

5

## FIRST CAUSE OF ACTION FOR NEGLIGENCE

25.  GM repeats, reiterates and re-alleges its responses to Paragraphs 1 through 24 of Plaintiffs' Complaint as if set forth verbatim.

26.  GM denies any allegation in Paragraph 26 of Plaintiffs' Complaint that seeks to impose liability on GM, including specifically any allegations that the subject 2005 Kodiak C5500 was defective and/or reasonably dangerous. In further answer, GM admits that it manufactured-in-part, produced-in-part and distributed 2005 Kodiak C5500 motor vehicles. GM lacks information or knowledge sufficient to establish the truth of the remaining allegations contained within Paragraph 26 of Plaintiff's Complaint. Consequently, GM denies the remaining allegations.

27.  GM denies the allegations contained within Paragraph 27 of Plaintiffs' Complaint.

28.  GM denies the allegations contained within Paragraph 28 of Plaintiffs' Complaint.

29.  GM denies the allegations contained with Paragraph 29 of Plaintiffs' Complaint.

30.  GM denies the allegations contained with Paragraph 30 of Plaintiffs' Complaint.

31.  GM denies the allegations contained with Paragraph 31 of Plaintiffs' Complaint.

32.  GM denies the allegations contained with Paragraph 32 of Plaintiffs' Complaint.

## SECOND CAUSE OF ACTION FOR PRODUCTS LIABILITY
## (NEGLIGENCE AND STRICT LIABILITY)

33.  GM repeats, reiterates and re-alleges its responses to Paragraphs 1 through 32 of Plaintiffs' Complaint as if set forth verbatim.

34.  GM denies any allegation in Paragraph 34 of Plaintiffs' Complaint that seeks to impose liability on GM, including specifically any allegations that the subject 2005 Kodiak

C5500 was defective and/or reasonably dangerous. In further answer, GM denies the allegations contained within Paragraph 34 of Plaintiffs' Complaint.

35. GM denies any allegation in Paragraph 35 of Plaintiffs' Complaint that seeks to impose liability on GM, including specifically any allegations that the subject 2005 Kodiak C5500 was defective and/or reasonably dangerous. In further answer, GM lacks information or knowledge sufficient to establish the truth of these allegations. Consequently, GM denies the allegations contained within Paragraph 35 of Plaintiffs' Complaint

36. GM denies any allegation in Paragraph 36 of Plaintiffs' Complaint that seeks to impose liability on GM, including specifically any allegations that the subject 2005 Kodiak C5500 was defective and/or reasonably dangerous. In further answer, GM denies the allegations contained within Paragraph 36 of Plaintiffs' Complaint.

37. GM denies any allegation in Paragraph 37 of Plaintiffs' Complaint that seeks to impose liability on GM, including specifically any allegations that the subject 2005 Kodiak C5500 was defective and/or reasonably dangerous. In further answer, GM lacks information or knowledge sufficient to establish the truth of these allegations. Consequently, GM denies the allegations contained within Paragraph 37 of Plaintiffs' Complaint.

38. GM denies any allegation in Paragraph 38 of Plaintiffs' Complaint that seeks to impose liability on GM, including specifically any allegations that the subject 2005 Kodiak C5500 was defective and/or reasonably dangerous. In further answer, GM denies the allegations contained with Paragraph 38 of Plaintiffs' Complaint.

39. GM denies the allegations contained within Paragraph 39 of Plaintiffs' Complaint.

40. GM denies the allegations contained within Paragraph 40 of Plaintiffs' Complaint.

41. GM denies the allegations contained within Paragraph 41 of Plaintiffs' Complaint.

42. GM denies the allegations contained within Paragraph 42 of Plaintiffs' Complaint.

## THIRD CAUSE OF ACTION

43. GM repeats, reiterates and re-alleges its responses to Paragraphs 1 through 42 of Plaintiffs' Complaint as if set forth verbatim.

44. GM denies the allegations contained within Paragraph 44 of Plaintiffs' Complaint.

45. GM denies the allegations contained within Paragraph 45 of Plaintiffs' Complaint.

46. GM denies the allegations contained within Paragraph 46 of Plaintiffs' Complaint.

47. GM denies the allegations contained within Paragraph 47 of Plaintiffs' Complaint.

48. GM denies the allegations contained within Paragraph 48 of Plaintiffs' Complaint.

49. GM denies the allegations contained within Paragraph 49 of Plaintiffs' Complaint.

## FOURTH CAUSE OF ACTION

50. GM repeats, reiterates and re-alleges its responses to Paragraphs 1 through 49 of Plaintiffs' Complaint as if set forth verbatim.

51. GM denies the allegations contained within Paragraph 51 of Plaintiffs' Complaint.

52. GM denies the allegations contained within Paragraph 52 of Plaintiffs' Complaint.

53. GM denies the allegations contained within Paragraph 53 of Plaintiffs' Complaint.

54. GM denies the allegations contained within Paragraph 54 of Plaintiffs' Complaint.

55. GM denies the allegations contained within Paragraph 55 of Plaintiffs' Complaint.

56. GM denies the allegations contained within Paragraph 56 of Plaintiffs' Complaint.

## FIFTH CAUSE OF ACTION

57. GM repeats, reiterates and re-alleges its responses to Paragraphs 1 through 56 of Plaintiffs' complaint as if set forth verbatim.

58. GM denies the allegations contained within Paragraph 58 of Plaintiffs' Complaint.

59. GM denies the allegations contained within Paragraph 59 of Plaintiffs' Complaint.

## SIXTH CAUSE OF ACTION

60. GM repeats, reiterates and re-alleges its responses to Paragraphs 1 through 59 of Plaintiffs' Complaint as if set forth verbatim.

61. The allegations contained within Paragraph 61 of Plaintiffs' Complaint require a conclusion of law that requires no answer. To the extent an answer is deemed required, GM denies these allegations and calls for strict proof thereof.

62. GM denies the allegations contained within Paragraph 62 of Plaintiffs' Complaint.

63. GM denies the allegations contained within Paragraph 63 of Plaintiffs' Complaint.

64. GM denies the allegations contained within Paragraph 64 of Plaintiffs' Complaint.

65. GM denies the allegations contained within Paragraph 65 of Plaintiffs' Complaint.

66. GM denies the allegations contained within Paragraph 66 of Plaintiffs' Complaint.

67. GM denies the allegations contained within Paragraph 67 of Plaintiffs' Complaint.

## SEVENTH CAUSE OF ACTION

68. GM repeats, reiterates and re-alleges its responses to Paragraphs 1 through 67 of Plaintiffs' Complaint as if set forth verbatim.

69. The allegations contained within Paragraph 69 of Plaintiffs' Complaint require a conclusion of law that requires no answer. To the extent an answer is deemed required, GM denies these allegations and calls for strict proof thereof.

70. The allegations contained within Paragraph 70 of Plaintiffs' Complaint require a conclusion of law that requires no answer. To the extent an answer is deemed required, GM denies these allegations and calls for strict proof thereof.

71. GM denies the allegations contained within Paragraph 71 of Plaintiffs' Complaint.

72. GM denies the allegations contained within Paragraph 72 of Plaintiffs' Complaint.

73. GM denies the allegations contained within Paragraph 73 of Plaintiffs' Complaint.

74. GM denies the allegations contained within Paragraph 74 of Plaintiffs' Complaint.

75. GM denies the allegations contained within Paragraph 75 of Plaintiffs' Complaint.

76. GM denies the allegations contained within Paragraph 76 of Plaintiffs' Complaint.

## EIGHTH CAUSE OF ACTION

77. GM repeats, reiterates and re-alleges its responses to Paragraphs 1 through 76 of Plaintiffs' Complaint as if set forth verbatim.

78. GM denies the allegations contained within Paragraph 78 of Plaintiffs' Complaint.

79. GM denies the allegations contained within Paragraph 79 of Plaintiffs' Complaint.

80. GM denies the allegations contained within Paragraph 80 of Plaintiffs' Complaint.

81. GM denies the allegations contained within Paragraph 81 of Plaintiffs' Complaint.

82. GM denies the allegations contained within Paragraph 82 of Plaintiffs' Complaint.

## NINTH CAUSE OF ACTION

83. GM repeats, reiterates and re-alleges its responses to Paragraphs 1 through 82 of Plaintiffs' Complaint as if set forth verbatim.

84. GM denies the allegations contained within Paragraph 84 of Plaintiffs' Complaint.

85. GM denies the allegations contained within Paragraph 85 of Plaintiffs' Complaint.

86. GM denies the allegations contained within Paragraph 86 of Plaintiffs' Complaint.

87. GM denies the allegations contained within Paragraph 87 of Plaintiffs' Complaint.

## TENTH CAUSE OF ACTION

88. GM repeats, reiterates and re-alleges its responses to Paragraphs 1 through 87 of Plaintiffs' Complaint as if set forth verbatim.

89. GM lacks information or knowledge sufficient to establish to truth of these allegations. Consequently, GM denies the allegations contained within Paragraph 89 of Plaintiffs' Complaint.

90. GM denies the allegations contained within Paragraph 90 of Plaintiffs' Complaint.

91. GM denies the allegations contained within Paragraph 91 of Plaintiffs' Complaint.

92. GM denies the allegations contained within Paragraph 92 of Plaintiffs' Complaint.

93. GM denies any allegation that has not been specifically admitted herein.

FIRST AFFIRMATIVE DEFENSE

1. Any injuries and/or damages sustained by Plaintiffs, as alleged in the Complaint herein, were caused in whole or in party by the contributory negligence and/or culpable conduct of said decedent and not as the result of any contributory negligence and/or culpable conduct on the part of GM.

SECOND AFFIRMATIVE DEFENSE

2. Upon information and belief, after the product left the control of its manufacturer, was subject to misuse, abuse, alteration, change, improper installation or operation by persons not in the employ or control of GM; which misuse, abuse, alteration, change or improper installation or alteration proximately caused the injuries complained of by Plaintiffs in the Complaint. Such change in condition bars the actions as against GM.

### THIRD AFFIRMATIVE DEFENSE

3. One or more of Plaintiffs' causes of action may be time barred by the applicable statute of limitations, and as such, said causes of action should be properly dismissed.

### FOURTH AFFIRMATIVE DEFENSE

4. To the extent that any of Plaintiffs' claims against GM relate to matters contained within or governed by the Federal Motor Vehicle Safety Standards (FMVSS), such claims are preempted by federal law, and this Honorable Court lacks subject matter jurisdiction to entertain said controversy.

### FIFTH AFFIRMATIVE DEFENSE

5. In the event Plaintiff recovers a verdict or judgment against GM, then said verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify Plaintiffs, in whole or in part, for any past or future claimed cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, from an collateral source such as insurance, social security, workmen's compensation or employee benefit programs.

### SIXTH AFFIRMATIVE DEFENSE

6. In accordance with CPLR 1601 et seq., the liability of GM, if any, to Plaintiffs for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom Plaintiff could have obtained personal jurisdiction with due diligence.

SEVENTH AFFIRMATIVE DEFENSE

7. By entering into the activity in which Plaintiff, John Bellantoni was engaged at the time of the occurrence set forth in this Complaint, Plaintiff knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the Plaintiffs herein as alleged in the Complaint arose from and were caused by the reason of such risks voluntarily undertaken by Plaintiff, John Bellantoni in his activities and such risks were assumed and accepted by him in performing and engaging in said activities.

EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiffs' Complaint fails to state a cause of action against GM upon which relief may be granted.

NINTH AFFIRMATIVE DEFENSE

9. The Complaint fails to state facts sufficient to sustain a claim for or to recover punitive damages against GM.

TENTH AFFIRMATIVE DEFENSE

10. While GM denies liability for an punitive damages in this case, GM states that Plaintiffs' claims for punitive damages cannot be sustained because an award of punitive damages, which is not subject to a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive damages that a jury may impose, and which provides no protection against multiple awards for the same course of conduct, would violate GM's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and similar provisions of the New York constitution, and would be improper under the common law and public policies of the state.

ELEVENTH AFFIRMATIVE DEFENSE

11.     While GM denies liability for any punitive damages in this case, GM states that Plaintiffs' claims for punitive damages cannot be sustained because laws regarding the standards for determining liability for punitive damages failed to give GM prior notice of the conduct for which punitive damages may be imposed and are void for vagueness in violation of GM due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and similar provisions of the New York State constitution, and would be improper under the common law and public policies of this state.

TWELFTH AFFIRMATIVE DEFENSE

12.     Any award of punitive damages based upon vague and undefined standards of liability would violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and the Due Process Clause of the New York State Constitution, Article I, Section 6.

THIRTEENTH AFFIRMATIVE DEFENSE

13.     An award of punitive damages based upon any standard of proof less than "clear and convincing" evidence would violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and the Due Process Clause of the New York State Constitution, Article I, Section 6.

FOURTEENTH AFFIRMATIVE DEFENSE

14.     As GM fully complied with or exceeded all applicable public laws and specifically, those defining reasonable safety and/or design standards, fundamental fairness and the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the

Due Process Clause of the New York State Constitution, Article I, Section 6, prohibit the recovery of punitive damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. If Plaintiffs sustained any of the alleged injuries or incurred any of the alleged damages, same were caused in whole or in part by the acts or omissions of persons other than General Motors, over whom General Motors had no control, or by the superseding interventions of causes outside of General Motors' control.

WHEREFORE, General Motors Corporation prays that his matter be dismissed with prejudice and with costs assessed against Plaintiffs.

Dated: April 8, 2008

GENERAL MOTORS CORPORATION

By Counsel

_____
Robyn M. Gnudi
LECLAIRRYAN
Two Penn Plaza East
Newark, New Jersey 07105
Phone: (973) 491-3600
Fax: (973) 491-3555
830 Third Avenue, Fifth Floor
New York, New York 10022
Phone: (212) 430-8020
Fax: (212) 430-8079

And

Brian K. Telfair (*pro hac vice* admission pending)
Antoinette N. Morgan (*pro hac vice* admission pending)
LeClairRyan
Riverfront Plaza, East Tower
951 East Byrd Street, 8th floor
Richmond, Virginia  23219
(804) 783-2003
(804) 783-2294 (facsimile)

Counsel for General Motors Corporation

ATTORNEY VERIFICATION

The undersigned affirms the truth of the following statement to be true under penalties of perjury pursuant to Rule 2106 of the Civil Practice Law and Rules.

That she is a member of LeClairRyan, attorneys for defendant GENERAL MOTORS CORPORATION.

That she has read the foregoing document and knows the contents thereof, and that the same is true to the knowledge of your deponent except as to the matters therein alleged upon information and belief and that as to those matters she believes them to be true.

That the reason why this affirmation is being made by you deponent and not by the defendant is that the defendant does not reside in the county in which your deponent's firm maintains its offices.

That the source of your deponent's information and the grounds of her belief as to all mattes therein alleged upon information and belief are reports from and communications had with said defendants.

Dated: April 8, 2008

Yours, etc.

Robyn M. Gnudi