UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN A. BELLANTONI and MARIA T.
BELLANTONI, His Wife

                      Plaintiffs,

Docket No.: 08 -CV 2407 (CLB)
ECF CASE
VERIFIED ANSWER WITH
CROSS-CLAIM

- against -

GENERAL MOTORS CORPORATION and
CHAMPION CARRIER CORP.,

                      Defendants.
------------------------------------------------------------X

SIRS:

PLEASE TAKE NOTICE, that defendant, CHAMPION CARRIER CORP., by its attorneys, O'CONNOR, REDD, LLP as and for its Verified Answer to plaintiff's Verified Complaint, sets forth the following, upon information and belief:

**ANSWERING THE PARTIES, JURISDICTION AND VENUE**

FIRST:       Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraphs of the Verified Complaint marked and designated "1", "2", "3", "4" and "5".

SECOND:       Denies each and every allegation contained in the paragraphs of the Verified Complaint marked and designated "6", "7", and "8".

THIRD:       Denies in the form alleged each and every allegation contained in the paragraphs of the Verified Complaint marked and designated "9" and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

FOURTH:       Denies in the form alleged each and every allegation contained in the paragraphs of the Verified Complaint marked and designated "10".

**ANSWERING JURISDICTION AND VENUE**

FIFTH:       Denies any knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in the paragraphs of the Verified Complaint marked and designated "11" and "13".

**SIXTH**: Denies each and every allegation contained in the paragraphs of the Verified Complaint marked and designated "12" and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

## ANSWERING THE PRODUCT

**SEVENTH**: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraphs of the Verified Complaint marked and designated "14", "15", "20", "21" and "22".

**EIGHTH**: Denies each and every allegation contained in the paragraphs of the Verified Complaint marked and designated "16", "17", "18", "19" and "23".

**NINTH**: Denies each and every allegation contained in the paragraphs of the Verified Complaint marked and designated "24" and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

## ANSWERING THE FIRST CAUSE OF ACTION FOR NEGLIGENCE

**TENTH**: As to paragraph "25" of the plaintiffs' Verified Complaint, the answering defendant repeats, realleges and reiterates each and every denial of the allegations contained in the paragraphs of the Verified Complaint marked and designated "1" through "24" as if said denials were more fully and specifically set forth at length herein.

**ELEVENTH**: Denies each and every allegation contained in the paragraphs of the Verified Complaint marked and designated "26", "27", "28", "29", "30", "31" and "32".

## ANSWERING A SECOND CAUSE OF ACTION

2

TWELFTH: As to paragraph "33" of the plaintiffs' Verified Complaint, the answering defendant repeats, realleges and reiterates each and every denial of the allegations contained in the paragraphs of the Verified Complaint marked and designated "1" through "32" as if said denials were more fully and specifically set forth at length herein.

THIRTEENTH: Denies each and every allegation contained in the paragraphs of the Verified Complaint marked and designated "34", "36", "37", "38", "39", "40", "41" and "42".

FOURTEENTH: Denies in the form alleged each and every allegation contained in the paragraphs of the Verified Complaint marked and designated "35" and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

ANSWERING A THIRD CAUSE OF ACTION

FIFTEENTH: As to paragraph "43" of the plaintiffs' Verified Complaint, the answering defendant repeats, realleges and reiterates each and every denial of the allegations contained in the paragraphs of the Verified Complaint marked and designated "1" through "42" as if said denials were more fully and specifically set forth at length herein.

SIXTEENTH: Denies each and every allegation contained in the paragraphs of the Verified Complaint marked and designated "44", "45", "46", "47", "48" and "49".

ANSWERING THE FOURTH CAUSE OF ACTION

SEVENTEENTH: As to paragraph "50" of the plaintiffs' Verified Complaint, the

3

4

answering defendant repeats, realleges and reiterates each and every denial of the allegations contained in the paragraphs of the Verified Complaint marked and designated "1" through "49" as if said denials were more fully and specifically set forth at length herein.

**EIGHTEENTH:** Denies each and every allegation contained in the paragraphs of the Verified Complaint marked and designated "51", "52", "53", "54", "55" and "56".

## ANSWERING THE FIFTH CAUSE OF ACTION

**NINETEENTH:** As to paragraph "57" of the plaintiffs' Verified Complaint, the answering defendant repeats, realleges and reiterates each and every denial of the allegations contained in the paragraphs of the Verified Complaint marked and designated "1" through "56" as if said denials were more fully and specifically set forth at length herein.

**TWENTIETH:** Denies each and every allegation contained in the paragraphs of the Verified Complaint marked and designated "58" and "59".

## ANSWERING THE SIXTH CAUSE OF ACTION

**TWENTY-FIRST:** As to paragraph "60" of the plaintiffs' Verified Complaint, the answering defendant repeats, realleges and reiterates each and every denial of the allegations contained in the paragraphs of the Verified Complaint marked and designated "1" through "59" as if said denials were more fully and specifically set forth at length herein.

**TWENTY-SECOND:** Denies in the form alleged each and every allegation contained in the paragraphs of the Verified Complaint marked and designated "61".

**TWENTY-THIRD**:  Denies each and every allegation contained in the paragraphs of the Verified Complaint marked and designated "62", "63", "64", "65", "66" and "67".

### ANSWERING THE SEVENTH CAUSE OF ACTION

**TWENTY-FOURTH**: As to paragraph "68" of the plaintiffs' Verified Complaint, the answering defendant repeats, realleges and reiterates each and every denial of the allegations contained in the paragraphs of the Verified Complaint marked and designated "1" through "67" as if said denials were more fully and specifically set forth at length herein.

**TWENTY-FIFTH**: Denies in the form alleged each and every allegation contained in the paragraphs of the Verified Complaint marked and designated "69".

**TWENTY-SIXTH**: Denies each and every allegation contained in the paragraphs of the Verified Complaint marked and designated "70", "71", "72", "73", "74", "75" and "76".

### ANSWERING THE EIGHTH CAUSE OF ACTION

**TWENTY-SEVENTH**: As to paragraph "77" of the plaintiffs' Verified Complaint, the answering defendant repeats, realleges and reiterates each and every denial of the allegations contained in the paragraphs of the Verified Complaint marked and designated "1" through "76" as if said denials were more fully and specifically set forth at length herein.

**TWENTY-EIGHTH**: Denies each and every allegation contained in the paragraphs of the Verified Complaint marked and designated "78", "79", "80", "81" and "82".

### ANSWERING THE NINTH CAUSE OF ACTION

**TWENTY-NINTH**: As to paragraph "83" of the plaintiffs' Verified Complaint, the

5

answering defendant repeats, realleges and reiterates each and every denial of the allegations contained in the paragraphs of the Verified Complaint marked and designated "1" through "82" as if said denials were more fully and specifically set forth at length herein.

**THIRTIETH:** Denies each and every allegation contained in the paragraphs of the Verified Complaint marked and designated "84", "85", "86", and "87".

## ANSWERING THE TENTH CAUSE OF ACTION

**THIRTY-FIRST:** As to paragraph "88" of the plaintiffs' Verified Complaint, the answering defendant repeats, realleges and reiterates each and every denial of the allegations contained in the paragraphs of the Verified Complaint marked and designated "1" through "87" as if said denials were more fully and specifically set forth at length herein.

**THIRTY-SECOND:** Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraphs of the Verified Complaint marked and designated "89".

**THIRTY-THIRD:** Denies each and every allegation contained in the paragraphs of the Verified Complaint marked and designated "90", "91" and "92".

## AS AND FOR A FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

**THIRTY-FOURTH:** Any injuries and/or damages sustained by the plaintiff, as alleged in the plaintiffs' Verified Complaint herein, which the answering defendant denies, were caused, in whole or in part, by the contributory negligence and/or culpable conduct of the plaintiff and not as a result of any negligence and/or culpable conduct on the part of the answering defendant.

**AS AND FOR A SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

THIRTY FIFTH: That by entering into the activity in which the plaintiff was engaged at the time of the occurrence set forth in the Verified Complaint, said plaintiff knew the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the plaintiff herein as alleged in the Verified Complaint arose from and were caused by reason of such risks voluntarily undertaken by the plaintiff in the activities and such risks were assumed and accepted by the plaintiff in performing and engaging in said activities.

**AS AND FOR A THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

THIRTY-SIXTH: Plaintiff did not exercise reasonable care while working on equipment.

**AS AND FOR A FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

THIRTY SEVENTH: Any injuries and/or damages sustained by the plaintiff as alleged in the Verified Complaint, which this answering defendant denies, were the result of misuse of the mirror assembly by the plaintiff or others.

**AS AND FOR A FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

THIRTY-EIGHTH: Any injuries and/or damages sustained by the plaintiff as alleged in the Complaint, which the answering defendant denies, were the result of a subsequent substantial alteration or modification of the mirror assembly which Champion Carrier Corp did not install, alter, design, sell or handle by persons or entities over whom the answering defendant had no control.

**AS AND FOR A SIXTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

THIRTY-NINTH: If there were any defects or hazardous conditions (hereinafter

7

collectively referred to as "defects") in the mirror assembly unit which Champion Carrier Corp did not install, design, alter, sell or handle referred to in plaintiffs' Complaint, which this answering defendant denies, plaintiff failed to exercise reasonable care to discover the alleged defects and to appreciate the dangers thereof.

## AS AND FOR A SEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

FORTIETH: Upon information and belief, the injuries and damages, if any, allegedly sustained by the plaintiff as alleged in the Verified Complaint were caused by third parties other than the answering defendant and, by reason of the foregoing, the Complaint should be dismissed as to this answering defendant.

## AS AND FOR A EIGHTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

FORTY-FIRST: The causes of action set forth in the Complaint fail to state a claim upon which relief can be granted.

## AS AND FOR A NINTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

FORTY-SECOND: A necessary or indispensable party has not been joined and, therefore, the action should not proceed and should be dismissed.

## AS AND FOR A TENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

FORTY-THIRD: The mirror assembly unit which Champion Carrier Corp did not install, design, alter, sell or handle and all of its component parts as originally designed, manufactured and sold was not defective and plaintiff's injuries and damages, as alleged in the complaint and which this answering defendant denies were caused by a subsequent substantial alteration or modification to the mirror assembly unit by persons or entities not under the control of this answering defendant.

## AS AND FOR A ELEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

6

**FORTY-FOURTH:** In the event plaintiff recovers a verdict or judgment against the answering defendant, then said verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which have been or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefit programs.

**AS AND FOR A TWELFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

**FORTY-FIFTH:** Pursuant to the provisions Article 16 of the CPLR, should this answering defendant be found liable for damages, such liability being 50 percent or less of the total liability assigned to all persons liable, the liability of this answering defendant for non-economic loss shall not exceed its equitable share determined in accordance with the relative culpability of all parties liable.

**AS AND FOR A THIRTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

**FORTY-SIXTH:** The provisions, requirements, and terms of CPLR Article 16, §1601, et seq. apply to the action and non-compliance with such provisions, requirements or terms operates to vitiate plaintiff's right to maintain the subject action, and any verdict plaintiff may recover thereby.

**AS AND FOR A FOURTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

**FORTY-SEVENTH:** The negligence of a third person or entity over whom this answering defendant had no control was a superseding cause and insulates the answering defendant from liability.

**AS AND FOR A FIFTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

**FORTY-EIGHTH:** Plaintiff destroyed evidence that was subject to discovery in this law suit and would be admissible in evidence at trial, thereby depriving this Court and the answering defendants of such evidence and, therefore, plaintiffs' suit should be barred.

**AS AND FOR A SIXTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

**FORTY-NINTH:** An unknown third-party destroyed evidence that was subject to discovery in this law suit and would be admissable in evidence at trial, thereby depriving this Court and the answering defendants of such evidence and, therefore, plaintiff's suit should be barred.

**AS AND FOR A SEVENTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

**FIFTIETH:** Plaintiff failed to exercise ordinary care to effect a cure and to prevent aggravation of the alleged injury and damages.

**AS AND FOR A EIGHTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

**FIFTY-FIRST:** The dangers, if any, alleged in the Verified Complaint were patent, open and obvious.

**AS AND FOR A CROSS-CLAIM AGAINST CO-DEFENDANT, GENERAL MOTORS CORPORATION, DEFENDANT CHAMPION CARRIER CORP ALLEGES:**

**FIFTY-SECOND:** If plaintiff sustained any injuries or damages as alleged in the plaintiffs' Verified Complaint, which this answering defendant denies, then such injuries or damages were caused by reason of the culpable conduct, acts or omissions, negligence, strict products liability, statutory violation, breach of contract, obligation or warranty of the co-defendant above-named.

By reason of the foregoing, this answering defendant is entitled to indemnification or contribution from, and to have judgment against the co-defendant above-named, for

10

all or part of any verdict or judgment that plaintiff may recover against this answering defendant.

**PLEASE TAKE NOTICE** that demand is hereby made, pursuant to CPLR Section 3011, that the defendant above-named serve an Answer to this Cross-Claim within twenty (20) days or judgment will be taken against said co-defendant by default for the relief demanded herein.

**WHEREFORE**, defendant CHAMPION CARRIER CORP demands judgment dismissing the Verified Complaint or, in the event the plaintiff recovers a verdict or judgment against this defendant, then said defendant demands judgment against the co-defendant above-named, for all or part of any such verdict or judgment, together with the attorneys' fees, costs and disbursements of this action and demands, pursuant to CPLR 8303-a and Part 130 of the Rules of this Court, that an award of costs and reasonable attorneys' fees be assessed against plaintiff and his counsel for a frivolous claim.

DATED: April 23, 2008  
        White Plains, New York

Yours, etc.

O'CONNOR REDD, LLP

By: _____  
    JOSEPH T. REDD  
    Attorneys for Defendant  
    CHAMPION CARRIER CORP.  
    200 Mamaroneck Avenue  
    White Plains, New York 10601  
    (914) 686-1700

TO: JONATHAN RICE, ESQ.  
      Attorney for Plaintiffs  
      JOHN A. BELLANTONI and  
      MARIA T. BELLANTONI, His Wife  
      247 West 35th Street, 12th Floor  
      New York, New York 10001

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X    Docket No.: 08-CV 2407 (CLB)
JOHN A. BELLANTONI and MARIA T.
BELLANTONI, His Wife
                                                                                CERTIFICATION
                        Plaintiffs,

        - against -

GENERAL MOTORS CORPORATION and
CHAMPION CARRIER CORP.,

                        Defendants.
------------------------------------------------------------X

**THIS IS TO CERTIFY** that the foregoing **ANSWER WITH CROSS-CLAIM** was forwarded, via first class mail, postage prepaid, on this 24th day of April, 2008, to the following:

TO:     JONATHAN RICE, ESQ.
        Attorney for Plaintiffs
        JOHN A. BELLANTONI and
        MARIA T. BELLANTONI, His Wife
        247 West 35th Street, 12th Floor
        New York, New York 10001

        GENERAL MOTORS CORPORATION
        The Detroit Renaissance Center
        Detroit, MI 48243

                                        _____
                                        JOSEPH T. REDD (JTR3658)
                                        Attorney at Law

14

STATE OF NEW YORK )
                            )ss.:
COUNTY OF WESTCHESTER )

**DONNA PAOLICELLI**, being duly sworn, deposes and says that she is over the age of 18 years, that she is not a party to the above-entitled action, and that on April 23, 24, 2008, she served the within **VERIFIED ANSWER** on the following attorney(s), in the following place(s) and in the following manner:

TO:    JONATHAN RICE, ESQ.
        Attorney for Plaintiffs
        JOHN A. BELLANTONI and
        MARIA T. BELLANTONI, His Wife
        247 West 35th Street, 12th Floor
        New York, New York 10001

by depositing a copy of same properly enclosed in a post-paid wrapper in the Official Depository maintained and exclusively controlled by the United States, directed to said attorney(s), at said address(es) within the State designated for that purpose upon the last papers served in this action or the place where the above then kept offices, according to the best information which can be conveniently obtained.

_____
**DONNA PAOLICELLI**

Sworn to before me
April 23, 2008

_____
NOTARY PUBLIC

LORETTA VALLETTA
NOTARY PUBLIC STATE OF NEW YORK
NO. 01-VA6092578
QUALIFIED IN WESTCHESTER COUNTY
COMMISSION EXPIRES MAY 19, 20__

14