UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN A. BELLANTONI and MARIA T. BELLANTONI, His Wife,<br><br>Plaintiffs,<br><br>vs.<br><br>GENERAL MOTORS CORPORATION and CHAMPION CARRIER CORP.,<br><br>Defendants. | CIVIL ACTION NO. 08-CV-2407<br><br>Honorable C.L. Brieant<br><br>**GENERAL MOTORS' ANSWER TO CROSS CLAIM** |

GENERAL MOTORS CORPORATION ("GM") by and through its attorneys LeClair Ryan by way of Answer to Co-Defendant Champion Carrier Corporation's Cross-Claim, states as follows:

1. GM denies the allegations contained within Paragraph 52 of Co-Defendant Champion Carrier Corporation's Cross-Claim.

2. GM denies any allegation in Co-Defendant Champion Carrier Corporation's Cross-Claim that has not been specifically admitted herein.

FIRST AFFIRMATIVE DEFENSE

1. Plaintiffs' Complaint fails to state a cause of action against GM upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

2. Co-Defendant Champion Carrier Corporation's Cross-Claim fails to state a cause of action against GM upon which relief may be granted.

4284282-1

## THIRD AFFIRMATIVE DEFENSE

3. Any injuries and/or damages sustained by Plaintiffs, as alleged in the Complaint, were caused in whole or in part by the contributory negligence and/or culpable conduct of Plaintiffs or other parties and not as the result of any contributory negligence and/or culpable conduct on the part of GM.

## FOURTH AFFIRMATIVE DEFENSE

4. Upon information and belief, the subject 2005 Kodiak C5500 Duramax Diesel (VIN 1GBE5C1285F512364) was subject to misuse, abuse, alteration, change, improper installation or operation by persons not in the employ or control of GM; which misuse, abuse, alteration, change or improper installation or alteration proximately caused the injuries complained of by Plaintiffs in the Complaint. Such change in condition bars Plaintiffs' and Co-Defendant Champion Carrier Corporation's claims as against GM.

## FIFTH AFFIRMATIVE DEFENSE

5. One or more of Plaintiffs' causes of action may be time barred by the applicable statute of limitations, and as such, Plaintiffs' and Co-Defendant Champion Carrier Corporation's claims should be properly dismissed.

## SIXTH AFFIRMATIVE DEFENSE

6. To the extent that any of Plaintiffs' claims against GM relate to matters contained within or governed by the Federal Motor Vehicle Safety Standards (FMVSS), such claims are preempted by federal law, and this Honorable Court lacks subject matter jurisdiction to entertain said controversy, including Co-Defendant Champion Carrier Corporation's Cross-Claim.

## SEVENTH AFFIRMATIVE DEFENSE

7. In the event Plaintiffs recover a verdict or judgment against GM, then said verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which have been, or

will, with reasonable certainty, replace or indemnify Plaintiffs, in whole or in part, for any past or future claimed cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, from an collateral source such as insurance, social security, workmen's compensation or employee benefit programs.

### EIGHTH AFFIRMATIVE DEFENSE

8.      In accordance with CPLR 1601 et seq., the liability of GM, if any, to Plaintiffs for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including Co-Defendant Champion Carrier Corporation and others over whom Plaintiff could have obtained personal jurisdiction with due diligence.

### NINTH AFFIRMATIVE DEFENSE

9.      By entering into the activity in which Plaintiff, John Bellantoni, was engaged at the time of the occurrence set forth in this Complaint, Plaintiff knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the Plaintiffs herein as alleged in the Complaint arose from and were caused by the reason of such risks voluntarily undertaken by Plaintiff, John Bellantoni in his activities and such risks were assumed and accepted by him in performing and engaging in said activities.

### TENTH AFFIRMATIVE DEFENSE

10.     If Plaintiffs sustained any of the alleged injuries or incurred any of the alleged damages, same were caused in whole or in part by the acts or omissions of persons other than GM, over whom GM had no control, or by the superseding interventions of causes outside of GM's control.

## ELEVENTH AFFIRMATIVE DEFENSE

11. While GM denies liability for an punitive damages in this case, GM states that Plaintiffs' claims for punitive damages cannot be sustained because an award of punitive damages, which is not subject to a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive damages that a jury may impose, and which provides no protection against multiple awards for the same course of conduct, would violate GM's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and similar provisions of the New York constitution, and would be improper under the common law and public policies of the state.

## TWELFTH AFFIRMATIVE DEFENSE

12. While GM denies liability for any punitive damages in this case, GM states that Plaintiffs' claims for punitive damages cannot be sustained because laws regarding the standards for determining liability for punitive damages failed to give GM prior notice of the conduct for which punitive damages may be imposed and are void for vagueness in violation of GM due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and similar provisions of the New York State constitution, and would be improper under the common law and public policies of this state.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. Any award of punitive damages based upon vague and undefined standards of liability would violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and the Due Process Clause of the New York State Constitution, Article I, Section 6.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.    An award of punitive damages based upon any standard of proof less than "clear and convincing" evidence would violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and the Due Process Clause of the New York State Constitution, Article I, Section 6.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.    As GM fully complied with or exceeded all applicable public laws and specifically, those defining reasonable safety and/or design standards, fundamental fairness and the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Due Process Clause of the New York State Constitution, Article I, Section 6, prohibit the recovery of punitive damages.

WHEREFORE, General Motors Corporation prays that Plaintiffs' Complaint and Co-Defendant Champion Carrier Corporation's Cross-Claim be dismissed with prejudice and with costs assessed against Plaintiffs and Co-Defendant Champion Carrier Corporation.

Dated: May 6, 2008

                              LeClairRyan
                              Attorneys for Defendant,
                              General Motors Corporation

                              By_____
                                  Robyn M. Gnudi
                              830 Third Avenue, 5th Floor
                              New York, New York 10022
                              Phone: (212) 430-8020
                              Fax: (212) 430-8079