UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOHN A. BELLANTONI and
MARIA T. BELLANTONI, his wife,

                    Plaintiffs,

  - against -

GENERAL MOTORS CORPORATION and
CHAMPION CARRIER CORP.,

                   Defendants.
-----------------------------------------------------------X

**DEFENDANT CHAMPION'S FIRST SET OF INTERROGATORIES UPON PLAINTIFF**

Docket No.: 08 -CV 2407 (CLB)
**EFC CASE**

SIRS:

    **PLEASE TAKE NOTICE** that the undersigned, on behalf of the Defendant, CHAMPION CARRIER CORP., hereby serves the annexed demands upon **ALL PARTIES**, pursuant to Federal Rules of Civil Procedure Rule 34:

1. Set forth in detail, a precise description of the subject product which is claimed to have been defectively designed, manufactured and/or distributed; in addition to a physical description of the product, set forth the name, brand, model, serial number, and date of manufacture.

2. With respect to such product, identify with particularity each and every component part of the said product which is alleged to be defective, setting forth a detailed physical description of each such component, and all identifying marks on such component, including make, model, and serial number.

3. Set forth, in detail, the precise nature of any alleged design defect. Identify parts, mechanisms, and other features of the product which are allegedly defective, and the particular manner in which the functional operation of the product's design renders the product unreasonably dangerous.

4. Set forth, with particularity, the precise nature of any alleged manufacturing defect. Include reference to the particular parts or components of the subject product which were allegedly defectively manufactured, the particular nature of the alleged manufacturing defect, and the particular applicable standards or specifications for manufacture with which the subject product or product parts, as manufactured, did not comply.

5. Set forth, in detail, the particular manner in which it is claimed the product was inadequately or defectively labeled. Specify, if applicable, those sections of the product labeling, instructions, warnings or precautionary information which are alleged to be inadequate, and the particular manner in which it is alleged such instructions, warnings or precautionary information were inadequate.

6. If it is alleged that there is any negligence or defect in the packaging of the subject product, set forth in detail the precise nature of such packaging defect, including reference to materials, designs, markings, and such other details which will sufficiently identify the particular nature of the claimed defect.

7. Set forth, in detail, the specific manner in which it is alleged the incident and plaintiff's injuries were proximately caused by:

    1. the alleged design defect;

    2. the alleged manufacturing defect;

    3. the alleged labeling defect; and/or

    4. the alleged packaging defect.

8. If there is a claim of defect with respect to the distribution or sale of the subject product, set forth the particulars of such claim in detail.

9. Identify each industry code, standard, or custom and practice which it is claimed this demanding party violated or departed from in the manufacture, design, labeling, and distribution of the subject product. With respect to each such industry code, standard, or custom and practice, specify the standard by publisher or promulgator, year, and particular section or sub-section.

10. If it is claimed that, as of the date the subject product was designed, manufactured or distributed, the subject product did not comply with "state of the art," specify those standards, customs and practices constituting alleged "state of the art" for such design, manufacture and distribution, at the time of the subject product's sale, which were allegedly not complied with.

11. State, with particularity, the actions or activities in which the Plaintiff(s) was engaged at the time the injury was incurred, and the manner in which such acts or activities did not constitute misuse or abuse of the product.

12. If it is claimed that the product was unreasonable dangerous, and that such danger was not open, obvious and apparent to the user, set forth in detail the manner in which such danger or hazard was not open, obvious, apparent, or was otherwise latent or concealed.

13. If it is claimed that the product reached the user in substantially the same form as manufactured and originally sold, set forth the particular basis for such claim, including reference to individuals in the chain of custody, from manufacture to delivery to the ultimate user, and the particular basis on which it is claimed that the product is identical to or substantially unaltered from its original condition.

14. With respect to any alleged defect in design, manufacturing, labeling, packaging or distribution, identify each witness, by full name and last known address and last known employer, if applicable, having knowledge concerning such alleged defect.

15. With respect to any alleged defect in design, manufacturing, labeling, packaging or distribution, identify with particularity each and every document known to support such claim, by author, date, and subject matter, and annex copies of such document(s) to the bill of particulars served in response to this demand.

**PLEASE TAKE FURTHER NOTICE** that your failure to comply with the foregoing within twenty (20) days will serve as the basis of a motion for appropriate relief.

DATED:   May 28, 2008
         White Plains, NY

Yours, etc.

O'CONNOR REDD, LLP

By: _____
JOSEPH J. REDD
Attorneys for Defendant
CHAMPION CARRIER CORP.
200 Mamaroneck Avenue
White Plains, New York 10601
(914) 686-1700
(JTR-3658)

TO:   JONATHAN RICE
      Attorney for Plaintiffs
      JOHN A. BELLANTONI and
      MARIA T. BELLANTONI, His Wife
      247 West 35th Street, 12th Floor
      New York, New York 10001
      (212) 465-1890

      Robyn M. Gnudi
      LeClair Ryan, PC
      Attorneys for Defendant
      GENERAL MOTORS CORP.
      Two Penn Plaza East
      Newark, NJ 07105
      (973) 491-3373

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
JOHN A. BELLANTONI and
MARIA T. BELLANTONI, His Wife          AFFIDAVIT OF SERVICE

           Plaintiffs,

   - against -                            Docket No.: 08 -CV 2407 (CLB)
                                                       **ECF CASE**

GENERAL MOTORS CORPORATION and
CHAMPION CARRIER CORP.,

           Defendants.
------------------------------------------------------X
STATE OF NEW YORK         )
                                   )ss.:
COUNTY OF WESTCHESTER  )

       **RAMONA SMITH**, being duly sworn, deposes and says that she is over the age of 18 years, that she is not a party to the above-entitled action, and that on May 28, 2008, she served the within **DEFENDANT CHAMPION'S INITIAL DEMAND FOR PRODUCTION OF DOCUMENTS** on the following attorney(s), in the following place(s) and in the following manner:

TO:    Jonathan Rice
         Attorney for Plaintiffs
         JOHN A. BELLANTONI and
         MARIA T. BELLANTONI, His Wife
         247 West 35th Street, 12th Floor
         New York, New York 10001

         Robyn M. Gnudi
         LeClair Ryan, PC
         Attorneys for Defendant
         GENERAL MOTORS CORP.
         Two Penn Plaza East
         Newark, NJ 07105
         (973) 491-3373

by depositing a copy of same properly enclosed in a post-paid wrapper in the Official Depository maintained and exclusively controlled by the United States, directed to said attorney(s), respectively, at said address(es) within the State designated for that purpose upon the last papers served in this action or the place where the above then kept offices, according to the best information which can be conveniently obtained.

                                                                          RAMONA SMITH

Sworn to before me
May 28, 2008

_____
NOTARY PUBLIC

        JOHN P. GRILL
   Notary Public, State of New York
        No. 02GR5059201
    Qualified in Queens County
  Commission Expires April 22, 2010