UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOHN A. BELLANTONI and
MARIA T. BELLANTONI, his wife,

              Plaintiffs,

    - against -

GENERAL MOTORS CORPORATION and
CHAMPION CARRIER CORP.,

              Defendants.
-----------------------------------------------------------X

**DEFENDANT CHAMPION'S
INITIAL DEMAND FOR
PRODUCTION OF DOCUMENTS**

Docket No.: 08 -CV 2407 (CLB)
**EFC CASE**

S I R S :

**PLEASE TAKE NOTICE** that the undersigned, on behalf of the Defendant, CHAMPION CARRIER CORP., hereby serves the annexed demands upon **ALL PARTIES**, pursuant to Federal Rules of Civil Procedure Rule 33 34, and 45:

1.     **APPEARANCES MADE TO DATE:**

**PLEASE TAKE NOTICE** that demand is hereby made that you serve upon the undersigned attorney a list of names of all of the parties that have appeared in the action, together with the names and addresses of their respective attorneys.

2.     **DEMAND FOR THE NAMES AND ADDRESSES OF WITNESSES**

**PLEASE TAKE NOTICE** you are hereby required to serve upon and deliver to the undersigned, within ten days from the date of the service of this demand, the name and address of any and all eyewitnesses to the occurrence complained of herein, whether or not obtained by investigation made after the date of the occurrence and regardless of how made, as follows:

    a.     The occurrence alleged in the Complaint;

    b.     Any acts, omissions or conditions which allegedly caused the occurrence alleged in the Complaint; or

    c.     Any actual notice allegedly given to the noticed parties or any employees of the noticed party(ies) of any condition which allegedly caused the occurrence alleged in the Complaint; or

    d.     The nature and duration of any alleged condition which allegedly caused the

occurrence in the Complaint.

**PLEASE TAKE FURTHER NOTICE** that this demand shall be deemed to continue during the pendency of this action including the trial thereof. In the event of failure or refusal to comply with this demand, this demanding party shall seek to preclude the testimony of any such eyewitnesses.

3. **DEMAND FOR DISCOVERY AND INSPECTION OF ANY STATEMENT OF A PARTY REPRESENTED BY THE UNDERSIGNED**

    **PLEASE TAKE NOTICE** that the undersigned hereby demands that a copy of any statements taken by or on behalf of the adverse party of this demanding party regarding the occurrence set forth in the Complaint herein be furnished.

4. **DEMAND FOR PHOTOGRAPHS**

    **PLEASE TAKE NOTICE** that demand is hereby made by the undersigned for the production for discovery and inspection and photocopying at the Law Offices of O'CONNOR REDD, LLP, 200 Mamaroneck Avenue, White Plains, New York, within twenty (20) days of the service of this notice, the following:

    (a) All photographs depicting the scene of the accident, the injury complained of, or any photographs in connection with the Complaint served in the within action, within a reasonable time prior to or after the occurrence set forth in the Complaint.

5. **DEMAND FOR DISCOVERY AND INSPECTION OF ACCIDENT REPORTS**

    **PLEASE TAKE NOTICE** that demand is hereby made upon you to serve upon the attorney for the undersigned copies of the following:

    (a) Accident and/or incident reports prepared in the normal course of business and filed with employer, or insurance company.

    **PLEASE TAKE FURTHER NOTICE** that these documents and items demanded must be served upon the undersigned within ten (10) days of the service of this notice. This demand shall be deemed to continue during the pendency of this action. In the event of failure to comply with this demand, the undersigned shall seek to preclude the offering of any such evidence at the time of trial.

6. **DEMAND FOR MEDICAL AND HOSPITAL INFORMATION\MEDICAL REPORTS**

    **PLEASE TAKE NOTICE** that the undersigned hereby demands that copies of medical reports of all physicians who have treated or examined the Plaintiff and who

will testify on this trial on behalf of said Plaintiff be served upon the undersigned within twenty (20) days from the date of service of this demand.

**PLEASE TAKE FURTHER NOTICE** that the undersigned demands that said reports shall include a detailed recital of injuries and conditions as to which testimony will be offered at the trial and referring to and identifying those x-rays and technicians' reports which will be offered at the trial; and, further, demands that duly written authorizations permitting the undersigned to obtain and make copies of all hospital records, medical reports and records of <u>all physicians, chiropractors, radiologists, physical therapists and any other health care providers who have treated or examined the Plaintiff, for any injury or exacerbation alleged, and such other records, including x-ray and technicians' reports as may be referred to and identified in the aforementioned physicians' statements, be served upon and delivered to the undersigned</u>.

7. **DEMAND FOR EMPLOYMENT AND TAX RETURN AUTHORIZATIONS**

   **PLEASE TAKE NOTICE** that demand is hereby made upon you to serve upon the attorney for the undersigned copies of the following:

   (a) Copy and/or authorization to obtain Plaintiff's IRS income tax returns for five (5) years prior to the accident.

   (b) Authorization to obtain a copy of Union records, authorizations pertaining to employment for release of W2's, salary, No-Fault records, and health/medical benefits information.

8. **DEMAND FOR EXPERT WITNESSES**

   **PLEASE TAKE NOTICE** that the undersigned demands that each party provide the following information at the office of the undersigned, as soon as the information is available to said party:

   1. The full name and address of all expert witnesses each party will call to testify at trial.

   2. The qualifications of each expert in the field he or she will be offered as an expert witness, specifically including each of the following:

      (a) Undergraduate college/university degrees;

      (b) Graduate level college/university degrees;

      (c) Industry, government and/or trade agency, organization or institutional memberships and certifications;

    (d)    Employment in the field of proffered expertise, identifying employer, title/position, duration, and duties/services provided.

3. The subject matter on which each expert is expected to testify.

4. The substance of the facts on which the expert is expected to base his/her opinions.

5. The substance of the opinions and conclusions each expert will proffer.

6. The grounds forming the basis for the expert's opinion, specifically identifying each act or omission of this defendant, and the particular manner in which the expert will opine that such act/omission caused or contributed to the occurrence.

7. State whether the expert will identify acts/omissions of any party other than this Defendant, as causing or contributing to the occurrence. If so, identify each such act/omission of each other Defendant, the manner in which it will be opined to have caused or contributed to the occurrence.

8. The dates of all reports provided by the expert to the attorney, and copies of each such report, and each article, text, standard and other published writing on which the expert relied, or will refer to, in reaching his or her conclusions and opinions.

If the party does not respond to this request in a timely fashion, this Defendant will object to the testimony of such expert.

9. **DEMAND FOR COLLATERAL SOURCE INFORMATION**

**PLEASE TAKE NOTICE** that demand is hereby made upon the attorneys for the plaintiff that they serve upon the undersigned a statement as to whether any part of the cost of medical care, custodial care, rehabilitation services, loss of earnings, or other economic loss sought to be recovered herein was replaced or indemnified, in whole or in part, from any collateral source such as insurance, social security (except those benefits provided under Title 18 of the Social Security Act), Workers' Compensation, or employee benefit programs and, if so, the full name and address of each organization or program providing such replacement or indemnification, together with an itemized statement of the amount in which each such claimed item of economic loss was replaced or indemnified by each such organization or program, and an itemized statement of the amounts of premiums paid by plaintiff for such benefits for the two (2) year period immediately preceding the accrual of this action and the amounts for projected future costs to the plaintiff of maintaining such benefits.

      Demand is additionally made for duly executed and properly addressed original authorizations permitting the undersigned to inspect and copy any records reflecting any collateral source or payment identified in response to the foregoing demand.

10. Please produce each contract, invoice, purchase order, work order, or other writing relative to installation of the subject rear-view mirror, and the subject vehicle, a 2005 Kodiak C5500 Duramax Diesel.

11. Each invoice, purchase order, work order, or other writing regarding sale to ALEX & SONS of any vehicles or rear-view mirror products by GENERAL MOTORS CORP. for five (5) years preceding and including the date of incident.

12. All records in possession of GENERAL MOTORS CORP. concerning fabrication and preparation of the subject rear-view mirror, including design plans and revisions, materials or parts lists, certification of testing and test results, and manufacturing tolerances.

13. Please provide a copy of the MSO or MCO ("manufacturers's center of origin" report) for the subject vehicle, or any other documentation which would reflect the condition of the vehicle during manufacturing, and any alterations the subject vehicle incurred prior to the end user (Alex & Sons) taking possession of the vehicle.

**PLEASE TAKE FURTHER NOTICE** that your failure to comply with the foregoing within twenty (20) days will serve as the basis of a motion for appropriate relief.

DATED:    May 28, 2008  
                White Plains, NY

Yours, etc.

O'CONNOR REDD, LLP

By: _____  
JOSEPH T. REDD  
Attorneys for Defendant  
CHAMPION CARRIER CORP.  
200 Mamaroneck Avenue  
White Plains, New York 10601  
(914) 686-1700  
(JTR-3658)

TO:    JONATHAN RICE  
       Attorney for Plaintiffs  
       JOHN A. BELLANTONI and  
       MARIA T. BELLANTONI, His Wife  
       247 West 35th Street, 12th Floor  
       New York, New York 10001  
       (212) 465-1890

Robyn M. Gnudi
LeClair Ryan, PC
Attorneys for Defendant
GENERAL MOTORS CORP.
Two Penn Plaza East
Newark, NJ 07105
(973) 491-3373

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
JOHN A. BELLANTONI and
MARIA T. BELLANTONI, His Wife

              Plaintiffs,

    - against -

GENERAL MOTORS CORPORATION and
CHAMPION CARRIER CORP.,

             Defendants.
------------------------------------------------------X
STATE OF NEW YORK       )
                                )ss.:
COUNTY OF WESTCHESTER )

AFFIDAVIT OF SERVICE

Docket No.: 08 –CV 2407 (CLB)
**ECF CASE**

      **RAMONA SMITH**, being duly sworn, deposes and says that she is over the age of 18 years, that she is not a party to the above-entitled action, and that on May 28, 2008, she served the within **DEFENDANT CHAMPION'S FIRST SET OF INTERROGATORIES UPON PLAINTIFF** on the following attorney(s), in the following place(s) and in the following manner:

TO:    Jonathan Rice
          Attorney for Plaintiffs
          JOHN A. BELLANTONI and
          MARIA T. BELLANTONI, His Wife
          247 West 35th Street, 12th Floor
          New York, New York 10001

          Robyn M. Gnudi
          LeClair Ryan, PC
          Attorneys for Defendant
          GENERAL MOTORS CORP.
          Two Penn Plaza East
          Newark, NJ 07105
          (973) 491-3373

by depositing a copy of same properly enclosed in a post-paid wrapper in the Official Depository maintained and exclusively controlled by the United States, directed to said attorney(s), respectively, at said address(es) within the State designated for that purpose upon the last papers served in this action or the place where the above then kept offices, according to the best information which can be conveniently obtained.

                                                                             RAMONA SMITH

Sworn to before me
May 28, 2008

_____
NOTARY PUBLIC

           JOHN P. GRILL
    Notary Public, State of New York
         No. 02GR5059201
      Qualified in Queens County
   Commission Expires April 22, 2010