

# JONATHAN RICE
### Attorney At Law

BY FAX: 914-390-4095

August 8, 2008

Hon. Judge George A. Yanthis
Unites States Magistrate Judge
United States District Court
Southern District of New York
300 Quarropas St., Room 118
White Plains, NY 10601

     **Re:** **John A. Bellantoni, et ano. v. General Motors Corporation,** *et*
*ano.*

     **U.S. District Court/Southern District of New York**
     **Case Number: 08 CV 240 (CLB)**

Dear Hon. Judge Yanthis:

     I wish to comment as per the court's instructions with respect to the form of
the Protective Order that may be entered by this Court in this action.

     I attach hereto a redlined copy of the Protective Order that contains the
accepted changes between the parties. The changes not agreed to are indicated in
redline formatting.

     I refer the Court to the previously submitted letter to this Court that
establishes the limits of a protective order and demonstrates clearly the obligation
of the defendant to meet its burden of proof in seeking protected status for any
specific or type of document.

     Defendant seeks to limit Plaintiff's desire to exchange information and
communicate with any appropriate governmental agency that may have
jurisdiction over this matter, including the Consumer Products Safety Commission
or the National Highway Transportation Safety Board or other agencies that may
have regulatory jurisdiction over some or all of the issues presented in this case.
This attempt to restrict and limit disclosure of information and processing of the
same by appropriate governmental bodies having regulatory jurisdiction is
improper. Firstly, defendants may or may not have properly disclosed all
information to a newly formed governmental body. In addition, the data base and
influence of the automotive industry in the operations of the database and having

influence in how it is administered have raised serious concern amongst consumer groups. The Tread Act was signed into law by President Clinton on November 1st, 2000, and has been incorporated into the existing National Traffic and Motor Vehicle Safety Act of 1966, codified at 49 U.S.C. §§ 30101-30170. I note the following public comment regarding the administration and implementation of the Act:

> Outraged about auto industry cover-ups and the failure of federal regulators to catch safety defects in Firestone tires and Ford Explorers before hundreds of people were killed, in 2000 Congress enacted a landmark new auto safety bill, the Transportation, Recall Enhancement, Accountability and Documentation (TREAD) Act. At the heart of the TREAD Act is a new authority for regulators to collect timely reports from manufacturers that will provide an "early warning" of a dangerous defect, thereby saving lives.

> Congress envisioned a database where members of the public could look to see if they were experiencing a similar problem, to encourage a much quicker fix. Congress thought more accountability for the government was a good idea, too, so that federal investigations couldn't fester or files get lost while people on the road remained at risk, as happened in the Ford/Firestone case with documents submitted by State Farm and all throughout the 1990s.

> While regulators at the National Highway Traffic Safety Administration (NHTSA) have been busy building the database, however, the chief counsel's office has been busy covering it up, so that only the agency and the industry will know what's in it. Under a new rule just announced last month, the only tip of the information iceberg that will be permitted to poke above the surface is the data on injuries and deaths. Other quarterly information given to the agency, including consumer complaints to manufacturers, warranty claims, and field reports from dealers, will be kept in the dark.

> Consumer groups recently filed a petition opposing the agency's decision to keep the data secret, challenging the decision under the Freedom of Information Act. They also pointed out that the early warning database will be a terrific quality control program for the whole industry, and that consumers will be likely to provide more feedback on defects with a robust public program.

> Secrecy in this case helps out both the agency and the industry, as both might be subject to questions and inquiries from information-empowered consumers who raise questions about defective and dangerous vehicles. But keeping the early warning data a secret plays a dirty trick on Congress and

the American driving public, who think that problems that lead to the Ford/Firestone tragedy have been fixed.

See blog and editorial on website of Public Citizen a non-profit group dedicated to protecting the public interest.

In addition to the foregoing, the Tread Act was enacted primarily to deal with issues of vehicle rollovers and tread separation on tires. This Act does not fully protect or mandate removal of all products that are dangerous or that are made dangerous through inadequate construction and improper warnings.

The Consumer Product Safety Commission and the Federal Trade Commission as well as other similar state agencies have regulatory jurisdiction over defective consumer products. Defendant desires to quash the dissemination of information related to defective products. They should not be permitted to do so.

Moreover, by definition the Act relates more to crashworthiness and rollover cases and will not properly protect the public interest in protecting them from what is essentially a "spring gun" concealed in the mirror assembly of an automobile without warning or notice to any member of the public performing work on their automobiles.

Plaintiff has submitted a Proposed Protective Order that I believe protects the public and government's right to keep unsafe products out of the stream of commerce. Defense counsel seeks to limit the protection of the public and restrict the operation of appropriate governmental agencies that may have regulatory jurisdiction in this area. Defendant GM has not met its burden in this regard and the Court should issue an order in the form requested by Plaintiff.

I thank the court for its courtesy and attention to this matter.

Sincerely yours,

JONATHAN RICE

JR/jr
cc:   Robyn M. Gnudi, Esq.,FAX #(973) 491-3555
      Brian K. Telfair, Esq. FAX #(804) 783-2294
      Joe Redd, Esq.FAX#(914) 328-3184

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN A BELLANTONI and MARIA T.
BELLANTONI, His Wife,

                          Plaintiffs,

       -against-

GENERAL MOTORS CORPORATION and
CHAMPION CARRIER CORP.,

                       Defendants.

08-CV-2407

Honorable C.L. Brieant

## PROTECTIVE ORDER FOR DOCUMENTS

On this day, came Defendant GENERAL MOTORS CORPORATION

("GM") requesting that the Court to enter a Protective Order to protect

confidential, proprietary and trade secret documents pursuant to Rule 26(c)(1) of

the Federal Rules of Civil Procedure. The Court notes that GM expects to produce

to Plaintiffs, Co-Defendant Champion Carrier Corp., and/or any additional party

added to this lawsuit certain information which GM considers to be confidential

information and trade secrets. GM desires that its confidential information and

trade secrets be protected by an appropriate protective order. Non-confidential

documents and documents that are not trade secrets are not intended to be

protected herein. Documents subject to this protective order do not include:

documents available in the chain of commerce from sources other than GM;

documents available to the public; documents previously disclosed in any action

or proceeding that were determined to not be confidential documents; and documents that the court determines are not confidential.

Upon consideration of the foregoing and subject to the right of any party to apply to modify this order at a later date to challenge the alleged protected status of any document, the Court finds good cause for a Protective Order to protect confidential, and trade secret documents pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure subject to the requirement that GM in good faith establish the bona fides of its desire for protection for such documents.

> **Deleted:** proprietary

IT IS, THEREFORE, ORDERED that the following procedure shall govern the production, use and disposal of the confidential documents and information.

1.  <u>Designation of Confidential Documents and Information.</u>
GM shall mark confidential documents as "Produced Pursuant to Protective Order" and/or "GM Confidential" in accordance with the provisions of this Order. This Order shall apply to documents produced throughout the pendency of this lawsuit. The documents and information contained therein shall only be used, shown and disclosed as provided in this Order. The terms "Produced Pursuant to Protective Order" and "GM Confidential" shall be construed to include all of the information contained in each document so marked. Documents "Produced Pursuant to Protective Order" and/or marked as "GM Confidential" will not include any documents which have been publicly disclosed by GM or produced by GM in other litigation without being subject to a similar confidentiality order or

> **Deleted:** any such

> **Deleted:**
> **Deleted:**
> **Formatted:** Page Number
> **Field Code Changed**

introduced as exhibits at trial without being under seal or subject to a similar
confidentiality order.

  2    Access to Confidential Documents and Information by Counsel and the
       Parties.

Confidential documents and information shall be made available only to "qualified
persons." The term "qualified persons" means the Court and its officers, the
parties, their counsel and those paralegals, stenographic and clerical employees
employed by counsel of record who have read the provisions of this order and
have agreed to be bound by it; experts retained by counsel; members of counsel's
trial or trial preparation team and witnesses who may appear and testify in this
case at either depositions or in the trial of this action. No other person shall have
access to confidential documents or information without the advance written
approval of GM or future order of this Court. No person who gains access to
confidential documents or information may disclose their contents or information
contained in them to any other person without the prior written approval of GM or
the Court.

  3.    Access to Confidential Documents and Information by Experts or
        Consultants.

Independent experts and/or consultants (i.e., non-testifying and testifying experts)
retained by Plaintiffs, Co-Defendant Champion Carrier Corp., or any additional
party added to this lawsuit may be included as "qualified persons" if they have
executed a certification that they have read this protective order and agree to be
bound by the terms and conditions thereof. An executed original of that

Comment: Defendant claims this is covered by Para. 4, I disagree and want things spelled out.

Deleted:
Deleted:
Formatted: Page Number
Field Code Changed

3

certification shall be obtained by counsel of record for Plaintiffs, Co-Defendant Champion Carrier Corp., or any additional party added to this lawsuit before such persons are given access to confidential documents. All such certifications shall be maintained by counsel of record until such time as this action has been concluded and all confidential documents are returned to GM. A form of certification is attached hereto as "Exhibit A."

4.    Challenges to Claims of Confidentiality.

If a party contends that any documents, information or portions of them which another party or third party has designated as confidential are not entitled to protection, the challenging party may challenge such designation by letter, and in that event GM will be required to file a motion to determine the designation. GM bears the burden of establishing that the challenged documents should be designated as "Produced Pursuant to Protective Order" and/or "GM Confidential." The documents and information shall remain confidential until their status is changed by stipulation or order. Before a hearing on the motion, the parties shall attempt to resolve the dispute.

5.    Documents Produced Under Protective Order at Trial.

GM may seek to extend the protection for documents and information deemed confidential to trial proceedings by stipulation with all parties, ex parte application, or motion in *limine*.

Deleted:

Deleted:

Formatted: Page Number

Field Code Changed

6.    Use of Confidential Documents and Information Generally.

Confidential documents and information may be used for any lawful purpose not
inconsistent with the terms of this Protective Order. Nothing herein shall limit
public disclosure and reporting of the facts of this case including but not limited to
disclosure to the agencies or departments of any State or Federal government that
has jurisdiction over the issues herein including but not limited to: the Consumer
Products Safety Commission; the National Highway Transportation Safety Board
or other similar state agency or body.

7.    Use of Confidential Documents and Information in This Lawsuit.

Confidential documents or information may be used at depositions, in accordance
with the following safeguards. If such confidential documents and information are
used in depositions, all portions of the transcript of such depositions, and exhibits
thereto which refer to or relate to such confidential documents or information,
shall themselves be considered as confidential documents except if such
information bears directly on the issue of negligent design, construction, breach of
warranty, failure to warn or strict liability in tort and the public interest supports
protections and disclosure of unsafe products,. The party seeking to protect the
confidential documents and information at deposition shall request that the court
determine that what portions of the transcript are confidential and thereafter ensure
that the court reporter binds the confidential portions of the transcripts and exhibits
separately and labels them "confidential." In addition, the deponent is deemed to
be ordered that, pursuant to this protective order, he or she may not divulge any

5

---

Comment: Defendant does not agree.
See Tread Act. Affirmative duty to
report, Manufacturers are put on notice
and report that particular claim to
congress and to maintain records.

Deleted: solely

Deleted: the

Deleted: lawsuit

Deleted: for no

Deleted: purpose

Comment: Defendant does not agree

Deleted: ,
Deleted:
Formatted: Page Number
Field Code Changed

such confidential documents or information except to qualified persons.  The use
or introduction of confidential documents or information as exhibits at deposition
shall not constitute a waiver of their confidential status if the procedures in this
paragraph are followed, and under such circumstances documents shall continue to
be subject to the protections afforded by this order. Notwithstanding anything to
the contrary herein, no expert or deponent shall be prohibited from reporting or
disclosing the existence and nature of an unsafe product and reporting the same to
any governmental agency or watchdog group advocating for the public interest
and protection of consumers.

    8.   Filing and Sealing.

When a party files confidential documents, things and information, including
confidential portions of any transcript, the party shall file them in sealed envelopes
or other appropriately sealed containers which shall be endorsed with the title of
this action and a statement substantially in the following form:

       "Filed Under Seal Pursuant to Protective Order"

    The envelope or container shall not be opened or released to anyone other
than the qualified persons without further order of the Court.  The clerk of the
Court is hereby directed to maintain such confidential documents and information
in a separate portion of the court files not available to the public.

    9.   Return at the Conclusion of this Action.

Upon written request by the party producing such confidential documents, within
forty-five (45) days of the conclusion of this action, counsel of record shall return

6

Received:     Aug 8 2008 12:11pm
08/08/2008 11:05     3144795000     LAW OFFICES     PAGE 11

all confidential documents and information, and all copies thereof, to the counsel

for GM. If any confidential documents are furnished to any expert or to any other

qualified person, the attorney for Plaintiffs and/or Co-Defendant Champion

Carrier Corp., and/or any additional party added to this lawsuit, shall ensure that

all confidential documents in the possession of such persons, and all copies

thereof, are either destroyed or returned to counsel for GM within forty-five (45)

days of written request made after the conclusion of this action. The parties are

permitted to retain a list of the documents by bates number which are produced by

GM under this protective order.

    10.   Translations, Partial Translations and Summaries.

It is anticipated by the parties that Plaintiffs and/or Co-Defendant Champion

Carrier Corp. and/or any additional party added to this lawsuit and their

representatives may prepare English translations, partial translations or summaries

which either restate or paraphrase the contents of confidential documents and

information produced by GM under this Order. The terms "translations" or

"summaries" as used in this paragraph include any documents which purport to be

a reliable representation of the specific content of the privileged material

contained in the confidential documents produced by GM. The parties may retain

such translations, partial translations and summaries following the conclusion of

this case provided that they provide to counsel for GM copies of each such

translation, partial translation or summary which they wish to retain at the same

time any confidential documents are returned or destroyed pursuant to the terms of

Formatted: Font: 12 pt
Formatted: Font: 13 pt

Formatted: Font: 13 pt
Deleted:
Deleted:
Formatted: Page Number
Field Code Changed

this Order. Each such copy shall be marked "confidential" in accordance with the terms of this Order. , All translations, partial translations or summaries, and all copies thereof, which the parties do not wish to retain following the conclusion of this case, shall be destroyed by counsel for the parties. The protective order and the provisions of this paragraph shall not apply to documents or portions of documents that comprise notes, analysis, mental impressions or strategy of the parties' counsel with respect to the documents produced. In particular, the term "summaries" shall not include any attorney work product notes, memoranda or attorney analysis of the documents produced.

11.   Amendments.

Nothing in this Order will prejudice any party from seeking amendments broadening or restricting the rights of access to and the use of confidential documents or information, or contesting the designation of a confidential document or qualified person.

IT IS SO ORDERED this ____ day of _____, 2008.

_____
JUDGE

Deleted: Even after the conclusion of this case, the parties, their counsel, experts and consultants who receive such translations, partial translations or summaries shall continue to be bound by the terms of this Order as to the future use, disclosure or dissemination of the confidential, proprietary and trade secret information contained in such translations, partial translations and summaries.

Formatted: Font: 13 pt

Formatted: Font: 13 pt

Formatted: Font: 12 pt

Formatted: Font: 13 pt

Deleted: ¶

Formatted: Font: 13 pt

Deleted: .

Formatted: Font: 13 pt

Formatted: Font: 12 pt

Formatted: Font: 13 pt

Formatted: Font: 12 pt

Formatted: Font: 13 pt

Deleted: .

Deleted: .

Formatted: Page Number

Field Code Changed

8

Robyn M. Gnudi
LeClairRyan
Two Penn Plaza East
Newark, New Jersey 07105
Phone: (973) 491-3600
Fax: (973) 491-3555
830 Third Avenue, Fifth Floor
New York, New York 10022
Phone: (212) 430-8020
Fax: (212) 430-8079


And

Brian K. Telfair (Admitted *Pro Hac Vice*)
Antoinette N. Morgan (*Pro Hac Vice* admission pending)
LeClairRyan
Riverfront Plaza, East Tower
951 East Byrd Street, 8th floor
Richmond, Virginia 23219
(804) 783-2003
(804) 783-2294 (facsimile)

Counsel for General Motors Corporation


SEEN AND AGREED:


_____
Jonathan Rice, Esq.
247 West 35th Street, 12th Floor
New York, New York 10001
(212) 465-1890
(212) 629-3055

Counsel for Plaintiffs

9

Joseph T. Redd, Esq.
O'Connor Redd, LLP
200 Mamaroneck Avenue
White Plains, New York 10601
(914) 686-1700
(914) 328-3184

Counsel for Champion Carrier Corp.

10