UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN A BELLANTONI and MARIA T.
BELLANTONI, His Wife,



                 Plaintiffs,

-against-                                        08-CV-2407

GENERAL MOTORS CORPORATION and                   Honorable C.L. Brieant
CHAMPION CARRIER CORP.,

                 Defendants.

## PROTECTIVE ORDER FOR DOCUMENTS

On this day, came Defendant GENERAL MOTORS CORPORATION ("GM") requesting that the Court to enter a Protective Order to protect confidential, proprietary and trade secret documents pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure. The Court notes that GM expects to produce to Plaintiffs, Co-Defendant Champion Carrier Corp., and/or any additional party added to this lawsuit certain information which GM considers to be confidential information and trade secrets. GM desires that its confidential information and trade secrets be protected by an appropriate protective order. Non-confidential documents and documents that are not trade secrets are not intended to be protected herein. Documents subject to this protective order do not include: documents available in the chain of commerce from sources other than GM; documents available to the public; documents previously disclosed in any action or proceeding that were determined to not be confidential documents; and documents that the court determines are not confidential.

Upon consideration of the foregoing and subject to the right of any party to apply to modify this order at a later date to challenge the alleged proposed status of any document, the

Court finds good cause for a Protective Order to protect confidential, proprietary and trade secret documents pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure subject to the requirement that GM seek protection of only those documents that it believes in good faith are confidential.

IT IS, THEREFORE, ORDERED that the following procedure shall govern the production, use and disposal of the confidential documents and information.

1. <u>Designation of Confidential Documents and Information</u>.

GM shall mark any such documents as "Produced Pursuant to Protective Order" and/or "GM Confidential" in accordance with the provisions of this Order. This Order shall apply to documents produced throughout the pendency of this lawsuit. The documents and information contained therein shall only be used, shown and disclosed as provided in this Order. The terms "Produced Pursuant to Protective Order" and "GM Confidential" shall be construed to include all of the information contained in each document so marked. Documents "Produced Pursuant to Protective Order" and/or marked as "GM Confidential" will not include any documents which have been publicly disclosed by GM or produced by GM in other litigation without being subject to a similar confidentiality order or introduced as exhibits at trial without being under seal or subject to a similar confidentiality order.

2. <u>Access to Confidential Documents and Information by Counsel and the Parties</u>.

Confidential documents and information shall be made available only to "qualified persons." The term "qualified persons" means the Court and its officers, the parties, their counsel and those paralegals, experts, members of counsel's trial or trial preparation team and witnesses who may appear and testify in this case either at deposition or in the trial of this action, and stenographic and clerical employees employed by counsel of record who have read the

provisions of this order and have agreed to be bound by it. No other person shall have access to confidential documents or information without the advance written approval of GM or future order of this Court. No person who gains access to confidential documents or information may disclose their contents or information contained in them to any other person without the prior written approval of GM or the Court.

3. Access to Confidential Documents and Information by Experts or Consultants.

Independent experts and/or consultants (i.e., non-testifying and testifying experts) retained by Plaintiffs, Co-Defendant Champion Carrier Corp., or any additional party added to this lawsuit may be included as "qualified persons" if they have executed a certification that they have read this protective order and agree to be bound by the terms and conditions thereof. An executed original of that certification shall be obtained by counsel of record for Plaintiffs, Co-Defendant Champion Carrier Corp., or any additional party added to this lawsuit before such persons are given access to confidential documents. All such certifications shall be maintained by counsel of record until such time as this action has been concluded and all confidential documents are returned to GM. A form of certification is attached hereto as "Exhibit A."

4. Challenges to Claims of Confidentiality.

If a party contends that any documents, information or portions of them which another party or third party has designated as confidential are not entitled to protection, the challenging party may challenge, by letter, such designation and in that event GM will be required to file a motion to determine the designation. GM bears the burden of establishing that the challenged documents should be designated as "Produced Pursuant to Protective Order" and/or "GM Confidential." The documents and information shall remain confidential until their status is

3

changed by stipulation or order. Before a hearing on the motion, the parties shall attempt to resolve the dispute.

5. <u>Documents Produced Under Protective Order at Trial</u>.

GM may seek to extend the protection for documents and information deemed confidential to trial proceedings by stipulation with all parties, ex parte application, or motion in *limine*.

6. <u>Use of Confidential Documents and Information Generally</u>.

Confidential documents and information may be used solely for the purpose of this lawsuit and for no other purpose.

7. <u>Use of Confidential Documents and Information in This Lawsuit</u>.

Confidential documents or information may be used at depositions, in accordance with the following safeguards. If such confidential documents and information are used in depositions, all portions of the transcript of such depositions, and exhibits thereto which refer to or relate to such confidential documents or information, shall themselves be considered as confidential documents. The party seeking to protect the confidential documents and information at deposition shall ensure that the court reporter binds the confidential portions of the transcripts and exhibits separately and labels them "confidential." In addition, the deponent is deemed to be ordered that, pursuant to this protective order, he or she may not divulge any such confidential documents or information except to qualified persons. The use or introduction of confidential documents or information as exhibits at deposition shall not constitute a waiver of their confidential status if the procedures in this paragraph are followed, and under such circumstances documents shall continue to be subject to the protections afforded by this order.

8. <u>Filing and Sealing</u>.

When a party files confidential documents, things and information, including confidential portions of any transcript, the party shall file them in sealed envelopes or other appropriately sealed containers which shall be endorsed with the title of this action and a statement substantially in the following form:

"Filed Under Seal Pursuant to Protective Order"

The envelope or container shall not be opened or released to anyone other than the qualified persons without further order of the Court. The clerk of the Court is hereby directed to maintain such confidential documents and information in a separate portion of the court files not available to the public.

9. <u>Return at the Conclusion of this Action</u>.

Upon written request by the party producing such confidential documents, within forty-five (45) days of the conclusion of this action, counsel of record shall return all confidential documents and information, and all copies thereof, to the counsel for GM. If any confidential documents are furnished to any expert or to any other qualified person, the attorney for Plaintiffs and/or Co-Defendant Champion Carrier Corp., and/or any additional party added to this lawsuit, shall ensure that all confidential documents in the possession of such persons, and all copies thereof, are either destroyed or returned to counsel for GM within forty-five (45) days of written request made after the conclusion of this action. The parties are permitted to retain a list of the documents by bates number which are produced by GM under this protective order.

10. <u>Translations, Partial Translations and Summaries</u>.

It is anticipated by the parties that Plaintiffs and/or Co-Defendant Champion Carrier Corp. and/or any additional party added to this lawsuit and their representatives may prepare

English translations, partial translations or summaries which either restate or paraphrase the contents of confidential documents and information produced by GM under this Order. The terms "translations" or "summaries" as used in this paragraph include any documents which purport to be a reliable representation of the specific content of the privileged material contained in the confidential documents produced by GM. The parties may retain such translations, partial translations and summaries following the conclusion of this case provided that they provide to counsel for GM copies of each such translation, partial translation or summary which they wish to retain at the same time any confidential documents are returned or destroyed pursuant to the terms of this Order. Each such copy shall be marked "confidential" in accordance with the terms of this Order. Even after the conclusion of this case, the parties, their counsel, experts and consultants who receive such translations, partial translations or summaries shall continue to be bound by the terms of this Order as to the future use, disclosure or dissemination of the confidential, proprietary and trade secret information contained in such translations, partial translations and summaries. All translations, partial translations or summaries, and all copies thereof, which the parties do not wish to retain following the conclusion of this case, shall be destroyed by counsel for the parties. The provisions of this paragraph shall not apply to documents or portions of documents that comprise notes, analysis, mental impressions or strategy of the parties' counsel with respect to the documents produced. In particular, the term "summaries" shall not include any attorney work product notes, memoranda or attorney analysis of the documents produced.

11. <u>Amendments</u>.

Nothing in this Order will prejudice any party from seeking amendments broadening or restricting the rights of access to and the use of confidential documents or information, or contesting the designation of a confidential document or qualified person.

IT IS SO ORDERED this 21st day of August, 2008.

*George A. [signature]*

Magistrate JUDGE  SDNY

Robyn M. Gnudi
LECLAIRRYAN
Two Penn Plaza East
Newark, New Jersey 07105
Phone: (973) 491-3600
Fax: (973) 491-3555
830 Third Avenue, Fifth Floor
New York, New York 10022
Phone: (212) 430-8020
Fax: (212) 430-8079

And

Brian K. Telfair (Admitted *Pro Hac Vice*)
Antoinette N. Morgan (*Pro Hac Vice* admission pending)
LECLAIRRYAN
Riverfront Plaza, East Tower
951 East Byrd Street, 8th floor
Richmond, Virginia 23219
(804) 783-2003
(804) 783-2294 (facsimile)

Counsel for General Motors Corporation

SEEN AND AGREED:



Jonathan Rice, Esq.
247 West 35th Street, 12th Floor
New York, New York 10001
(212) 465-1890
(212) 629-3055

Counsel for Plaintiffs

Joseph T. Redd, Esq.
O'Connor Redd, LLP
200 Mamaroneck Avenue
White Plains, New York 10601
(914) 686-1700
(914) 328-3184

Counsel for Champion Carrier Corp.